### E. A. BENNET, Tutrix, v. STARNES, Sheriff and another.

Where the Sheriff levies property in the possession of the judgment debtor, the party representing himself as the owner, who sues for damages for an illegal seizure, must make out his title fully and clearly before the Sheriff can be mulcted. The duties of the Sheriff are delicate and his responsibilities great, and unless Courts of justice are cautious in entertaining claims for damages against him, the efficiency of the law may be impaired.

APPEAL from the District Court, Eighth District, *Penn*, J. *Watterson*, for plaintiff. *J. R. Jones*, for defendant (*Starnes*) and appellant.

DUNBAR, J. Under an execution issued on a judgment obtained by the defendant *Stiles* against *Eliza Anne Bennett*, the Sheriff seized certain slaves, which he found in her possession. Shortly afterwards the present suit was instituted by *Mrs. Bennett*, as tutrix of her daughter by a former marriage, *Octavine Williamson*, averring that the title to the slaves seized was in her said daughter, and praying that the seizure be set aside, and that the defendants *in solido* be adjudged to pay her, for the use of her daughter, five hundred dollars damages and hire for the negroes during their detention. It appears from the Sheriff's return that the slaves were restored to the plaintiff not long after their seizure, so that the suit resolved itself simply into an action for damages. The Court below gave judgment against the defendants for, *in solido*, the sum of two hundred dollars, from which Starnes, the Sheriff, has appealed. The other defendant is not before us. We have carefully examined the evidence adduced on the trial, and are by no means satisfied that the title of the plaintiff, *Octavine Williamson* has been established so fully and clearly as to authorize us to mulct the Sheriff in damages for their seizure. The general principle is true, that the Sheriff who wrongfully seizes the property of another is a trespasser, and according to the circumstances of the case, is liable in damages as such, but he who sets up title as owner, ought to establish it clearly and satisfactorily.

We are not to be understood as deciding, in the present case, that *Octavine Williamson* is *not* the owner of the slaves which were seized, but that the evidence offered on her behalf is masked by circumstances which raise serious doubts in our minds. The duties imposed by law upon a Sheriff, armed with a writ of execution, are frequently of a very delicate nature, and his responsibilities great. Unless, therefore, it is made manifest that he has exceeded his powers, and stepped beyond the line of duty, Courts of justice may well be cautious in entertaining claims for damages against him, or the efficiency of the law will be arrested; particularly in cases where the debtor is in open and notorious possession and enjoyment of property, the paper title to which may be in another.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower Court, so far as it regards the Sheriff, *B. B. Starnes*, be reversed and set aside, and judgment is rendered in his favor, the plaintiff and appellee paying costs in both Courts.