LAND, J.
Plaintiff sued defendant town for $10,000 damages. The petition represents that the town of St. Martinville is a municipal corporation, represented by a certain person as mayor; that on March 12, 1906, one Ernest Bleslin, constable of said *765 corporation, acting by order of said corporation and said mayor, demolished and destroyed the building in said town occupied then and for years previous by the plaintiff as a business stand wherein and whereby she made a living for herself and children; that said building was situated on a tract of land which plaintiff purchased on September 16, 1903, from the pastor of the Catholic Church by notarial act duly recorded; that said building was especially adopted to her trade and occupation near the bridge crossing the river Teche at a point called “Bridge Street,” a great business thoroughfare, and was the only building included in the resolution adopted by said corporation of date February 9, 1906; that said destruction had been previously threatened by a notice from the secretary of said corporation ordering her to remove said building, her property, within a specified time, which, if not done, would be done by said corporation; that said wanton and outrageous destruction of her property, deprived her of her means of making a living, wounded the feelings of herself and family, was illegal, unlawful, and uncalled for, and deserves the severest censure and exemplary damages for the amount sued for.
Defendant excepted that plaintiff’s petition disclosed no cause or right of action. The court refused to refer the exception to the merits, and rendered judgment maintaining the exception and dismissing plaintiff’s suit. Plaintiff has appealed.
The general rule is that a municipal corporation is liable for the trespass and wrongful acts of its officers, expressly authorized or ratified by the governing body of the corporation, if such acts are not wholly ultra vires. 2 Dillon, Municipal Corporations (3d Ed.) 972. In Hoggard and Wife v. City Council, 51 La. Ann. 683, 25 South. 349, 44 L. R. A. 477, it was held that the establishment and operation of a ferry was a matter entirely outside of the powers of the corporation. If, however, the wrongful acts arise out of matters or transactions within the general powers of the corporation, and in respect to which there may be corporate liability, the corporation is legally responsible for the injurious consequence. Dillon, 971. If, in exercising a corporate power, a trespass is committed upon private property, without complying with the charter or statute, the corporation is liable in damages therefor. Id. In McGary v. Lafayette, 12 Rob. (La.) 668, 674, and Id., 4 La. Ann. 440, the corporation was held responsible as ratifying the tortious acts of the mayor in demolishing a portion of the plaintiff's house for the supposed reason that it was on public ground.
In the case of Ponchartrain Railroad Company v. City of New Orleans, 27 La. Ann. 162, where the depot of the plaintiff, constructed partly on its own land and partly in the street, had been destroyed by order of the mayor, a judgment for $30,000 damages was rendered against the defendant. The court said:
“The act of the officers of the city and of the men in their employ was a trespass upon plaintiff’s property. For this the law holds the corporation liable.”
The only color of corporate authority under which the mayor acted in that case was an ordinance revoking the permit to the company to use the public street. The destruction of the entire building was not only illegal, but without the semblance of corporate sanction. The city council, however, ratified the acts of the mayor. In the case at bar the municipal authorities ordered the destruction of the building, and this order was carried out by the executive officers of the corporation. It does not appear from the allegations of the petition what were the grounds or reasons for this action on the part of the trustees of the town. ■ Tne removal or destruction of a building is not an act wholly beyond the ordinary powers of a municipal corporation. A building may obstruct a public place or *767 highway, or may threaten ruin, or may in other respects become a nuisance dangerous to public health or safety. The defendant town was duly empowered by its charter to pass ordinances relative to public streets and highways and “nuisances in general.” Act No. 110, p. 72, of 1813. The acts complained of were done in the name of the corporation, and by direction of its governing body, and the subject-matter was not wholly ultra vires. The corporation is prima facie liable for the alleged trespass on private property, and it bears the burden of pleading and proving that the acts of its officers and agents were wholly beyond the scope of the employment.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the defendant’s exception of no cause of action be overruled, and that this cause be remanded for further proceedings according to law; costs of appeal to be paid by defendant.