(50 South. 809.)

No. 17,452.

FAUCHEUX v. TOWN OF ST. MARTINVILLE.

(Nov. 29, 1909.)

1. MUNICIPAL CORPORATIONS (§ 747*) — OFFENSES AND QUASI OFFENSES—LIABILITY OF MUNICIPALITY.

When the mayor of a town clears the banks of a stream of trespassers, in accordance with the will of the town council, he is performing a public duty, as the municipality has the authority to clear, in a legal manner, all public property from encroachment and trespass by private individuals. When the mayor employs an irregular method, the municipality is responsible for any damages which might arise because of the employment of this irregular method.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 747.*]

2. MUNICIPAL CORPORATIONS (§ 747*)—SERVITUDES—LIABILITY OF MUNICIPALITY.

While the banks of Bayou Teche are public property and owe a servitude to the public, still those who have occupied them in good faith for many years must be proceeded against in regular form, unless there is a necessity for the removal under certain circumstances.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 747.*]

3. MUNICIPAL CORPORATIONS (§ 742*)—ACTION AGAINST CITY—EVIDENCE.

It is not evident that plaintiff's cabin was on land burdened with a servitude.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 742.*]

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Action by Widow Alex Faucheux against the Town of St. Martinville. Judgment for plaintiff, and defendant appeals. Amended and affirmed.

See, also, 120 La. 764, 45 South. 600.

Voorhies & Voorhies and F. E. Delahoussaye, for appellant. Edward Simon, for appellee.

· BREAUX, C. J. Plaintiff sued the town of St. Martinville for $2,000 damages, on the ground that a small house of which she was the owner was torn down by order of the mayor with the sanction of the council despite her objections and protests.

Plaintiff's possession of the house was of ancient date.

Twice the municipality, through its council, sought to have the lands bordering on the Teche cleared of all buildings, including plaintiff's. Resolutions were adopted directing the mayor to clear the banks of the bayou and put an end to trespass thereon.

The mayor gave notice to the plaintiff to move out.

Some time after notice had been given, the building was demolished by the chief of police.

After the plaintiff, years ago, had received notice to move, she evidently became concerned about her possession. She applied to the council for permission.

This application was denied.

A question of title incidentally arose, the history of which goes back to the days of the colonists.

After the refusal of the council to permit her to remain, she bought the land from the church, represented by Rev. August Thibault, pastor.

It was donated by D'Hauterire (a name not unknown in days of the colonists) to the church at "the Poste des Attakapas," the seat of such local government as there was in colonial days.

The number of acres donated was 450. The area extended on both sides of the stream.

The grantor and his ministers knew little about, and, doubtless, cared less about, navigable streams and servitude for the public.

The United States government, in accordance with her liberal policy, after the cession, recognized the right of the owner and issued a patent for the land.

Under the well-settled policy of her land department, the land passed to the grantee subject to the servitude and right of way due to the public on the banks of the Teche.

We will have occasion to refer again to the title, although it is not of first importance in deciding the case.

The contention of defendant is that the town council had not authorized the mayor to destroy the building, that its resolutions were not directed against the plaintiff as owner of the cabin on the bayou front, that the officer exceeded his authority, and that the defendant town cannot be held in damages for the ultra vires acts of an officer.

124 LA.—31

We have not found it possible to arrive at the conclusion pressed upon our attention by the defendant. As to the scope of the resolutions, we are quite confident that the purpose was to have this building taken away from the bayou front.

The municipality, through its council, by resolutions directed that the banks of the bayou be cleared. It notified plaintiff to break down the cabin and vacate the premises. This notice was followed by the mayor's order to break down the cabin.

The mayor did not step out of his employment to destroy this building. He was empowered to remove it. If he employed an irregular method, under the circumstances, the municipality was liable for damages.

Conceding for the moment that the resolutions of the council are not far-reaching, the town cannot escape liability for the damages. The duty was public, not private. He was clearing the banks of trespassers in accordance with the expressed will of the council.

The defendant goes one step further, and urges that the corporation was not liable because it had no authority to order the destruction of the building.

The municipality had the authority to clear public property from all encroachment and trespass by private individuals, but in a legal manner.

If it undertakes to exercise lawful power in a legal and arbitrary manner, it is liable for the damages.

If it takes part in directing an officer to do a certain act in an illegal manner, it is again liable.

We have decided in this case on appeal that plaintiff had a right of action and remanded the case. She had sufficiently proven her allegations to sustain that right.

See same title, 120 La. 764, 45 South. 600.

This brings us to a consideration of the second branch of the case; that is, that the plaintiff was in good faith, and that is all

that is needful in this case in order to maintain her suit.

To maintain her good faith, plaintiff introduced title going back to the early history of the government.

Whether the title was legal or illegal we will not decide. It certainly shows good faith on the part of the occupant of so many years.

The evidence shows that she bought the property in good faith. The pastor of the church testified as to the purchase and as to facts which abundantly sustain this point.

This property may be public. The banks owe servitude to the public, though it is not satisfactorily established.

Be that as it may, if the banks are public, those who occupy them in good faith for as many years as plaintiff had must be proceeded against in regular form, unless there is necessity for the removal under certain circumstances.

This necessity was not established by the evidence.

Having come to the conclusion that plaintiff was in good faith, we are of opinion that she should recover the damages incurred.

Before leaving the case, it occurs to us again to say that the highest water of the stream never reached the cabin. In one year only, and that years ago, the stream overflowed to the cabin. At any rate, it was not proved that the servitude due to the public was in any way affected by the cabin.

A man whose name was Benson, a party to a suit decided by this court, was made to remove his building by a decree of this court.

The facts in that case are not similar to those in the present case. Besides, it is res inter alios acta.

We therefore will hold, without prejudice to the rights of the town and to the public to the servitude in question, that the town has not sufficiently proved the right to the servitude urged in argument. The building in question was between the street and the river. There was not sufficient evidence to prove that the river side of the street is on the bayou bank on which servitude is due to the public. A well-known surveyor, who it is reasonable to presume knows the lines of the servitude along navigable streams within the parish, and particularly in his home town, says the cabin is not within the servitude. The testimony of other witnesses upon the subject is conflicting and not satisfactory. Not one testified with positiveness that plaintiff's cabin was within the servitude area of the bayou bank. The servitude is limited in area. It must be made to appear that the structure complained of was within the limits.

In view of the fact that plaintiff had a title, such as it was, which included the site on which the cabin was, she had a right to a more peaceable hearing in regard to it. She might have called her vendor in warranty, and at least obtained judgment for the price she paid to him.

With regard to the amount of damages: The cabin was of very little value, at most $30. She does not even claim anything for it. She did not reside in it. She occupied it only during the day. She was a vendor of coffee and a few cakes and had wreaths for sale to those who bought to put on tombs in the cemetery near by.

The damages are not considerable.

In view of all the circumstances, we think that the amount of $250 is not unreasonable.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from be, and is hereby, amended by reducing the amount allowed as damages from $500 to $250, with 5 per cent. interest at the last amount from the date on which judgment was rendered in the district court. As amended the judgment is affirmed at appellee's cost on appeal.