defendant was induced by fear and by persistent questioning by the policemen or detectives who had him under arrest, dissents from the ruling that the confession was free and voluntary; and he dissents also from the ruling that the evidence that the defendant had committed several other crimes on other occasions, referred to in bills No. 2, No. 3, No. 4, No. 5, No. 7, and No. 9, was admissible, even for the purpose of proving a motive for the killing of the detective Obitz.

---

(83 South. 881)

No. 22535.

WEST MONROE MFG. CO., Limited, v. TOWN OF WEST MONROE.

(Feb. 2, 1920. Rehearing Denied March 12, 1920.)

*(Syllabus by Editorial Staff.)*

1. MUNICIPAL CORPORATIONS ☞742(4)—PETITION MUST SHOW THAT TORT WAS COMMITTED IN EXERCISE OF LEGITIMATE PRIVATE FUNCTION.

Petition alleging that defendant town is a municipal corporation, and that it operated a crude oil burning machine, and through its negligent operation set fire to plaintiff's factory, was insufficient in that it did not allege that the act was not ultra vires, that the agent or employé of the town was exercising a legitimate corporate duty, and that the act was not one in the performance of a government as distinguished from a private function.

2. MUNICIPAL CORPORATIONS ☞724—LIABLE ONLY FOR TORTS COMMITTED IN EXERCISE OF PRIVATE FUNCTION.

While a municipality is not liable for damages occasioned in the exercise of a governmental or public function, a majority of the cases hold that in case of municipal or private functions it stands on the same footing as an individual.

3. MUNICIPAL CORPORATIONS ☞742(4) — PLEADING MUST SHOW THAT TORT IS ONE FOR WHICH MUNICIPALITY IS LIABLE.

Since in case of municipalities there are two classes of torts, one for which there is liability, and the other for which there is no liability, it becomes the duty of the pleader seeking to recover for tort to allege specifically the facts which place the action complained of in the class of cases in which there is legal liability.

4. PLEADING ☞48—ALL CONDITIONS NECESSARY TO LIABILITY MUST BE ALLEGED.

The plaintiff must allege the existence of all conditions necessary to liability.

5. MUNICIPAL CORPORATIONS ☞742(4)—PETITION MUST SHOW THAT TORT IS NOT ULTRA VIRES.

Since the power to operate engines given towns by Act No. 248 of 1912, as amended by Act No. 34 of 1914, is not general, plaintiff in his petition must connect the engine causing the damage in question with the authorized public utilities.

6. PLEADING ☞6—NO JUDICIAL COGNIZANCE OF FACTS NOT ALLEGED.

The court cannot take judicial cognizance of facts in a case, but they must be alleged.

O'Niell, J., dissenting.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Ben C. Dawkins, Judge.

Suit by the West Monroe Manufacturing Company against the Town of West Monroe. Suit dismissed, and plaintiff appeals. Affirmed.

Stubbs, Theus, Grisham & Thompson, of Monroe, J. S. Atkinson, of Shreveport, and Spencer, Fenner, Gidiere & Phelps, of New Orleans, for appellant.

Millsaps, Oliver & Montgomery, of Monroe, for appellee.

SOMMERVILLE, J. The plaintiff alleges:

"That the town of West Monroe is a municipal corporation organized under the laws of Louisiana. * * *

"That on the night of the 13th day of January, 1916, a crude oil burning engine owned by, and at the time under the sole control of, and being operated by defendant, its agents and employés, emitted, expelled, and discharged sparks, cinders, coal, and burning matter, which sparks, cinders, coal, and burning matter fell on and against and set fire to the aforesaid woodworking plant belonging to your petitioner, which said fire thus set out completely destroyed same. * * *

"That it was due to the gross carelessness and negligence of defendant, its agents and employés,

in operating said engine and failing to keep and to have the said engine in proper repair and equipped with safe appliances to prevent the accumulation of and the escape and discharge of sparks, cinders, coals, and burning matter that caused and permitted the said sparks, cinders, coals, and burning matter to accumulate and to be emitted and discharged in great volume and set fire to and destroy petitioner's property as aforesaid. * * *

"That prior to the destruction of petitioner's plant it notified the defendant that sparks, cinders, and fire were escaping from the engine and endangering petitioner's property, and that the council and officers for the defendant corporation promised to eradicate the danger, but failed and neglected to do so."

[1] Defendant appeared and filed an exception of no cause of action, based upon the failure of plaintiff to allege: (1) That the municipality had the authority to do the act causing the damage, and that therefore it was not ultra vires; (2) that the act was done by an officer or agent while in the legitimate exercise of a corporate duty; and (3) that it was not done in the performance of a governmental function.

The exception was sustained, the suit was dismissed, and plaintiff has appealed.

The petition does not show that the operation of the engine complained of by the agents of the town or by the town itself was not in the exercise of a legitimate corporate duty. It does not show that the operation of the engine was in the exercise of a public governmental function. It cannot be assumed that it was not; if any presumption is to be indulged in in reference to the acts of a municipality, it must be that the thing it was doing was for the public good, and not for private profit.

[2] Municipalities exercise two-fold functions—the one governmental or public, and the other municipal or private. For damages occasioned while in the performance of the first they are exempt from liability; for acts done while in the performance of the second the majority of cases hold that they stand on the same footing as individuals.

It is stated in 28 Cyc. p. 1257, under the title Municipal Corporations:

"Generally a municipal corporation has a dual character, the one public, and the other private, and exercises correspondingly twofold functions and duties. The one class of its powers is of a public and general character, to be exercised in virtue of certain attributes of sovereignty delegated to it for the welfare and protection of its inhabitants for the general public; the other relates only to special or private corporate purposes, for the accomplishment of which it acts, not through its public officers as such, but through agents or servants employed by it. In the former case its functions are political and governmental, and no liabilities attach to it at common law either for nonuser or misuser of the power or for the acts or omissions on the part of its officers or the agents through which such governmental functions are performed, or the servants employed by such agencies. In its second character above mentioned—that is, in the exercise of its purely municipal functions, or the doing of those things which relate to special or private corporate purposes—the corporation stands upon the same footing as a private corporation, and will be held to the same responsibility as with a private corporation for injuries resulting from its negligence, and will be liable for the torts of its officers, agents, or employés acting within the scope of such municipal power."

[3, 4] It thus appearing that with respect to municipalities there are two classes of torts, one for which there is liability, the other for which there is no liability, it becomes the duty of the pleader seeking to recover for tort to allege specifically the facts which place the action complained of in the class of cases in which there is legal liability. It appearing that an essential of liability is in the intra vires of the act, petitioner should allege that the thing was not ultra vires. It is the general principle of pleading that the plaintiff must allege the existence of all classes and conditions necessary to liability.

As all the facts necessary to constitute liability must be alleged, it becomes pertinent to inquire: What are the essentials of liabil-

ity for tort of a town? They are stated to be in 28 Cyc. p. 1465, as follows:

"(1) Fact showing that the defendant is a municipality; (2) that defendant had power to do the act complained of, in other words, that it was not ultra vires; (3) that the agent or employé of the town was exercising a legitimate corporate duty; (4) that the act was not one in the performance of a governmental as distinguished from a private function; and (5) that it was wrongful."

Plaintiff here alleges that defendant is a municipality, and that the act was wrongful. It fails to allege the existence of either of the other three conditions. The allegation is that the town operated a crude oil burning engine, and through its negligent operation set fire to plaintiff's factory. So far as the petition discloses, the operation of said engine was ultra vires, without authority of law or charter.

Counsel for plaintiff argues that these are matters of defense to be urged by defendant. If it is true that a municipality is not liable unless these facts and conditions exist, then it is certainly true that plaintiff could not recover without proof of the existence of these facts. They are necessary matters of proof as conditions precedent; they are necessary matters of allegation, for a pleader must allege all the essentials of his cause of action and must allege the thing he is called upon to prove.

"In an action to recover damages from injuries arising from failure to keep public works or appliances in proper condition, facts must be alleged by the plaintiff showing that it is within the scope of the defendant's corporate power to maintain such works or appliances, because without such power no duty on the part of the defendant is shown, and consequently no liability for failure to discharge it." Encyclopedia of Pleading and Practice, vol. 14, p. 238.

[5] There is a general act authorizing cities and towns to establish, purchase, lease, control, construct, maintain, and operate garbage plants, waterworks, sewerage, pow- er, and lighting systems, and to supply cities and towns and the inhabitants thereof with service by such public utilities, under such terms and conditions and manner as may be determined upon, and to make rates and charges for supplying water, sewerage, power, and light. Act 248 of 1912, p. 550, as amended by Act 34 of 1914, p. 99.

[6] The public utilities just mentioned require the generation of power for their purposes, and in the exercise of that grant of power the municipalities may operate an engine; but the power to operate engines is not general. Municipalities are not permitted under the law to operate engines for any and every purpose. The authority to operate engines is limited in the act referred to by the limitation based upon the authority of the municipality to operate public utilities requiring the generation of power. There is no authority for the operation of an engine except as an incident of the operation of a power plant. And, unless the pleader connects the particular engine causing the damage with the authorized public utilities, there is nothing before the court to show the authority for its operation. It may or may not be connected with a power plant. The court cannot take judicial cognizance of facts in a case; they must be alleged. The court does not know that defendant operates any of these public utilities, and that the engine referred to furnished any one of them with power. That engine may be operated solely for governmental purposes.

Had plaintiff alleged that the damage complained of by him had resulted from the negligent operation of one of the public utilities mentioned in Act No. 34 of 1914, p. 99, he might have stated a cause of action; but he did not so allege; the allegation is that "on the night of the 13th day of January, 1916, a crude oil burning engine owned by and operated by the defendant" did the damage complained of.

In a somewhat similar case, Hoggard v. Mayor, etc., of Monroe, 51 La. Ann. 683, 25 South. 349, 44 L. R. A. 477, where plaintiff sued the defendant for damages for the death of their minor son, who was drowned from a ferryboat through the alleged negligence and misconduct of the defendant's servants and employés in charge of the boat, an exception of no cause of action was filed and sustained, the court saying:

"There being no general, inherent, or implied authority, or general statute vesting authority in the municipal corporation to establish and operate public ferries, the right to do so must rest in particular cases upon special authority, and the existence of that authority should be specially pleaded."

This last case was quoted approvingly in the case of Alfred Gaudet et al. v. Parish of Lafourche et al. (No. 23342) 83 South. 653,[1] recently decided.

The judgment appealed from is affirmed.

O'NIELL, J., dissents.

DAWKINS, J., takes no part, being recused.