No. 2495

Second Circuit

———

ROACH v. CITY OF SHREVEPORT

———

(May 22, 1928.   Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Municipalities — Par. 19, 244, 251.**

A municipality is not liable for damages resulting from the negligence of its officers in the exercise of purely governmental functions.

2. **Louisiana Digest—Municipalities — Par. 19, 244, 251.**

The impounding and selling of an automobile left ten days without having been claimed by the owner on the streets of a city in accordance with a city ordinance is a governmental function for which the city is not liable in damages.

Appeal from the First Judicial District Court, Parish of Caddo.   Hon. E. P. Mills, Judge.

Action by J. E. Roach against the City of Shreveport.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed

Herndon and Herndon, of Shreveport, attorneys for plaintiff, appellant.

B. F. Roberts, City Attorney of Shreveport, for defendant, appellee.

ODOM, J.   Ordinance No. 31 of the City of Shreveport, adopted in 1922, provides that it shall be unlawful for any person to leave, unattended, on any of the streets of the city, an automobile for one week or more, and that if any person should leave an automobile, unattended, in the street for a week or more the same shall be taken into the possession of the city and placed in the city barns, subject to inspection by any one who may claim the same, and that any person claiming the property and proving ownership thereof may take it into possession by paying to the city $3.00 for each day it has been impounded; and that in cases where automobiles have been so impounded for a period of ten days without having been claimed by the owner, the Commissioner of Streets and Parks shall advertise and sell the same.

Plaintiff brings this suit against the city for the value of his automobile, and alleges that—

"* * * the officers, agents or employees of said City of Shreveport, La., took possession of said automobile at its location on Laurel street, *acting under ordinance No. 31 of 1922 of the City of Shreveport, Louisiana, hereto annexed and made a part hereof, and took it to the police station* in said city, all without the knowledge or consent of your petitioner."

And that—

"* * * thereafter the City of Shreveport, acting under authority of said ordinance No. 31 of 1922, of the said City of Shreveport, Louisiana, and after being duly notified in writing not to sell said automobile, the said City of Shreveport sold said automobile in its then condition on Saturday, June 14, 1924, for an alleged consideration of fifty-two dollars and fifty cents ($52.50), thus putting it beyond the control of said city to return his automobile to him in the condition it received it."

According to plaintiff's allegations, the automobile was left on Laurel Street by a person to whom he had entrusted it, was taken and impounded by the city offi-

cers on April 31st and finally sold on June 14th, approximately six weeks after being impounded; and while he alleges that he notified the city authorities in writing not to sell the car, he does not allege that he or any one for him offered to pay the costs due the city under the terms of the ordinance for impounding and keeping the car.

Without answering to the merits, the city excepted and asked that the suit be dismissed on the ground that no cause of action is disclosed by the petition.

The exception was sustained and plaintiff appealed.

## OPINION.

This is an action in tort. Counsel for appellant say in brief:

"There is no doubt that a municipality is not liable for the acts of its agents who act ultra vires its corporate powers.

"The officers in this case were acting under city ordinance No. 31 of 1922, and the city has ratified their action as set forth in paragraphs five, six, seven, eight and nine of plaintiff's petition."

Plaintiff has not attacked the validity of the city ordinance under which it is said the officers acted in impounding and selling his automobile, and in the absence of such attack we assume that it is conceded that the city acted within the scope of its powers in adopting the ordinance.

"Municipalities exercise two-fold functions—the one governmental or public and the other municipal or private."

The municipality of the City of Shreveport, in the adoption of Ordinance No. 31 of 1922, directing its officers to clear the streets of the city of abandoned automobiles, was exercising a purely governmental function.

It is alleged that the officers and agents of the city "in this case were acting under" said ordinance. They were therefore exercising for the city a governmental function.

In the recent case of Howard vs. City of New Orleans, 159 La. 443, 105 South, 443, the court said:

"This court has recognized for some years that a municipality is not responsible for damages committed by its agents and appointees, while such agents and appointees are exercising for it governmental functions."

In the case of West Monroe Mfg. Co. vs. Town of West Monroe, 146 La. 641, 83 South. 881, after stating that municipal corporations exercise two-fold functions, the one governmental or public and the other municipal or private, the court said:

"For damages occasioned while in the performance of the first they are exempt from liability."

The court, in the case of Hall vs. City of Shreveport, 157 La. 589, 12 South. 680, announced the same rule, and said, with reference to the city's liability in cases of this kind:

"In its public character, as the agent of the state, it becomes the representative of sovereignty, and is not answerable for the nonfeasance or malfeasance of its public agents."

It is alleged that the officers, as agent of the city, acted under and by virtue of said ordinance. Their acts in taking possession of the abandoned automobile and subsequently selling it were therefore legal. They were clothed with full authority to do what it is alleged they did. They therefore committed no tort, no wrong. The city and its officers are protected by an ordinance the legality of which is not attacked.

It is alleged, however, that certain parts of the car were removed from it while it was in possession of the city, through the fault and negligence of the officers. But plaintiff is not suing for damage to the car; he is asking for the value thereof as it stood when the city took charge of it under the ordinance. But if he were asking for damages to the car, he could not recover, because the city is not liable for damages resulting from the negligence of its officers in the exercise of purely governmental functions.

The judgment appealed from is affirmed with costs.