### ENGERAN et al. v. CITY OF HOUMA et al.
### No. 1100.

Court of Appeal of Louisiana. First Circuit.
March 7, 1933.

Harris Gagne, of Houma, for appellants.

Ellender & Ellender, of Houma, for appellees.

LE BLANC, Judge.

Contending that their stock of merchandise had been illegally seized and their store illegally closed by the city marshal of the city of Houma, in an attempt to force the payment of taxes claimed to be due the city by another party, Thaddeus and Virgus Engeran, plaintiffs herein, instituted this proceeding to enjoin the alleged illegal seizure, and also to recover damages to their good name and business reputation as well as for mortification and humiliation, and for attorney's fees. The demand for damages is in the sum of $650, of which $150 is for the attorney's fees claimed and the balance for the other damages mentioned.

From a judgment in favor of the plaintiffs in the district court, in the sum of $200, the defendants have appealed. Plaintiffs join in the appeal asking for an increase to the amount originally demanded.

Plaintiffs' petition sets out that on July 3, 1931, C. Cunningham, city marshal of the city of Houma, pretending to act for the said city, seized the entire contents of their store, ejected them from their building, closed and locked the door, and put a watchman in charge thereof. They aver that the said marshal notified them that he had seized the property and would sell the same at public auction to pay and satisfy the city taxes alleged to be due the city by Philogene J. Engeran for the years 1929 and 1930, aggregating a sum, which, with interest, was in excess of $500. They aver that on April 15, 1931, Thaddeus Engeran had purchased from Ernest D. Dupont, for cash, at private sale, a stock of goods which formerly belonged to Philogene J. Engeran, and part of which was in their store at the time of the seizure, and that the said Dupont had acquired the same at a public sale in a suit wherein Philogene Engeran was defendant. The other part of the goods and merchandise seized had been bought by them in the usual and ordinary course of trade from various merchants. They allege that the mortgage certificate issued in connection with the public sale of the property whereat Dupont purchased, listed the taxes claimed by the city of Houma as a privilege superior to the seizing creditor's writ, and that, as the procès verbal of said sale shows that the property was adjudicated for the sum of $1,667, an amount far in excess of all costs and prior privileges, including said taxes, as a matter of law, therefore, those taxes were ipso facto paid by the proceeds of the said sale and should accordingly be canceled and erased from the mortgage records.

The plaintiffs then alleged that the closing of their store by the city marshal was ultra

vires, arbitrary, oppressive, and illegal, and they then set out the damages they claim to have suffered. They aver that after being served with the notice of seizure, they endeavored by means of affidavit filed with the proper authority charged with the collection of taxes for the city to show that they were not responsible for the taxes claimed, but despite the same, the city marshal proceeded with the seizure and closed their store, and advertised their property for sale in a Houma newspaper.

On the showing made, the court granted a rule nisi ordering defendants to show cause why a preliminary injunction restraining them from proceeding further with the seizure should not issue. The rule was made returnable on July 15, 1931, and on the following day the defendants made an appearance through their counsel, informing the court that the tax sale advertised to take place on July 25, 1931, had been recalled and the property released from seizure. That same day, the court nevertheless granted the preliminary injunction which plaintiffs had prayed for upon their furnishing bond in the sum of $150, which was promptly done.

The defendants each filed an answer putting at issue the various allegations contained in plaintiffs' petition, and followed that by filing an exception of no cause of action. The court at first sustained the exception, but upon further consideration of the same on rehearing, overruled it and heard the case on the merits with the result already stated.

The defendants again urge the exception of no cause of action in this court, contending that as the essential of liability on the part of a municipal corporation is in the intra vires of the act complained of, it should have been alleged that the act was not ultra vires. It is urged that the collection of taxes is a governmental function of the municipality and that the latter cannot be held for damages occasioned while in the performance of such function. In support of their contentions, counsel rely principally on the case of West Monroe Manufacturing Co. v. Town of West Monroe, 146 La. 641, 83 So. 881.

It is true that in the present case, plaintiffs alleged that the act of the marshal in closing up their place of business was ultra vires, and, if that allegation was to be considered alone, it would lead to the same disposition of the exception as was had in the case cited. The petition, however, as we have endeavored to show, is replete with other allegations which tend to show that the city marshal, acting in his capacity as such, had committed an act which amounted to a trespass on, or an invasion of, their property rights, for which the municipal corporation could be held liable. Pontchartrain Railroad Co. v. City of New Orleans, 27 La. Ann. 162;

Faucheux v. Town of St. Martinville, 120 La. 764, 45 So. 600. The collection of taxes by a city can no doubt be regarded as an act coming within the governmental function of the corporation, but when, as it is alleged by the complainant here that, in the exercise of that function, the officer charged with that duty transcended the bounds of governmental action and committed a trespass, the petition, in our opinion, discloses a cause of action. The exception was properly overruled.

Defendants also filed a plea of estoppel based on a forth-coming bond furnished by the tax debtor Philogene Engeran, and on which one of the plaintiffs served as surety, to obtain the release of the seized property. The contention is made that the bond, as a matter of law, contains a judicial admission on the part of the said surety, Thaddeus Engeran; that the property seized was that of Philogene J. Engeran, and he cannot now be heard to set up the claim he makes thereto. We are not prepared to hold that a surety on a bond can be held to a judicial admission such as is here contended for by defendants, and, besides, the bond offered, which is in the record, seems to have been prepared in such form as to studiously evade that very admission. The plea is therefore overruled.

Coming now to a consideration of the case on the merits, we find the defendant's most serious effort to be aimed at showing that plaintiffs have not established title as owners of the property seized sufficiently to hold them liable in damages. Relying on the language used in the case of Bennet v. Starnes, Sheriff, 8 La. Ann. 77, they contend that the evidence offered by plaintiffs "is masked by circumstances which raise serious doubts" as to their ownership. This doubt which they say exists is apparently drawn by them from the fact that Philogene J. Engeran, the former owner, is the father of the plaintiffs and that one of the witnesses, Louis Chauvin, a son-in-law of Philogene J. Engeran, testified that the latter paid Dupont out of his own pocket for the stock of goods. Chauvin's testimony does convey the impression that the property was placed in the name of Thaddeus Engeran to protect it from seizure, but he is the only witness who testified that the money was paid by Philogene Engeran and the reason he assigns for the transaction having been handled in the way he says, is a mere assumption on his part. We do not think his testimony is sufficient to overcome the facts as established by the other witnesses and the circumstances surrounding the transaction.

The lower court, however, did not base its opinion and judgment in favor of the plaintiffs on the finding that the property said to have been acquired from Dupont was owned by them, but grounded it on the fact, which seems to be undisputed, that other stock, purchased after the alleged sale from

Dupont, and which certainly never belonged to Philogene J. Engeran, was also seized, and they were therefore deprived of its possession as well as the other, when their store was closed by the city marshal. On this finding, if not on the other, the judgment is correct.

The judgment, in our opinion, has also assessed the proper amount of damages. Whilst there is no proof of amount for damages claimed as attorney's fees, as is correctly remarked by the trial judge, the services were rendered under the eyes of the court, and no one is better qualified than he to make a fair and just appraisal of their worth. He fixed the amount at $100, and for the other damages claimed, also allowed $100. We approve both amounts as awarded and affirm the judgment in all respects.