REID, Judge.
This is a tort action brought by Will Ladner and Lora Williamson Ladner, husband and wife, against the liability insurer of Virgil Austin, Aetna Casualty and Surety Company. The suit is one for property damage, medical expenses and personal injuries resulting from a collision which occurred at 7:30 P.M., March 21, 1959 in front of the home of Virgil Austin, near Bogalusa, Louisiana.
After a trial on the merits, judgment was rendered for the defendant rejecting plaintiffs’ demands at their costs. No written reasons for judgment were given. Plaintiffs have perfected a devolu-tive appeal from this adverse judgment. *238 The defendant has answered this appeal, and asked that Dr. F. J. Foster’s expert witness fee of $50.00 be taxed as costs, and that the $150.00 expert witness fee charged by R. R. Porter, Civil Engineer, be taxed as costs also.
There is a great deal of conflicting testimony in the record. We find that the accident in question happened in the following manner: The plaintiffs were driving north at about 35 miles per hour on Louisiana State Highway 1075 at 7:30 P.M. March 21, 1959. He was faced by several southbound cars with their lights on and at a point some 75 to 100 feet from the point where the lane to the Virgil Austin home entered the highway, he noticed that Austin’s car was parked at the ■entrance of the lane. Due to the lights of the oncoming cars he was uncertain whether or not the Austin car was merely near the highway or actually extending over a portion of the blacktop. At about the same time he saw the car his wife screamed a warning and he slammed on his brakes skidding 55 to 60 feet, into the right side of the Austin car near the rear bumper. The extreme front .right side of his car was damaged.
Although the testimony is quite conflicting on the next point, it was obviously the trial court’s findings and it is ours that the version given by the defendant’s witnesses is more nearly correct. It seems that Austin had backed his car down his lane to a point near the highway, but not over any portion of the highway. He was accompanied by his wife, his son, and M-rs. Truett Williams. Upon seeing heavy traffic and being requested by his wife and Mrs. Williams to do so, he pulled back along his drive a very short distance to a point several feet off the highway, the exact distance being unnecessary to determine. Both Mr. and Mrs. Ladner testified that the Austin car was parked when they first observed it, and that it was projecting about one and one half feet over the blacktop. They also stated that it did not move' from the time they saw it until it was struck by their car. The testimony of three occupants of the Austin car, as well as that of a disinterested neighbor who came over to the scene of the accident before plaintiffs left the scene contradicts the testimony of plaintiffs to the effect that the Austin car was parked so that a portion of it projected over the blacktop.
In addition, it might be noted that Mrs. Ladner’s testimony also conflicts with that of the defendant’s witnesses when she stated that she got out of their car to talk with the Austins and examine the wreck.
Counsel for plaintiffs urges that the plat made of the scene of the accident which is in evidence shows that the shoulder was only 3.5 feet wide just south 'of the point where the lane to Austin’s home intersects with it. He states that this evidence proves that the defendant’s witnesses were not telling the truth in regard to the point where the Austin’s car was parked. However, the plat shows that the shoulder of the highway is 3.5 feet wide on the west side. The east shoulder, at this point, is 5 feet wide. The east shoulder was crossed by the front right side of the Ladner car as it skidded until it struck the Austin car. This physical fact actually corroborates defendant’s version of the accident.
Plaintiffs’ counsel also contends that the Austin car was in the road creating an emergency and that it was pulled up into, the lane too late, causing the accident. However, neither Mr. nor Mrs. Ladner state that the car was driven forward after they first observed it.
For the reasons stated it is felt that the cases of Strehle v. Giaise, La.App., 46 So.2d 685; Honeycutt v. Carver, La.App., 25 So.2d 99, Section 1166 of Blashfield Cyclopedia of Automobile Law and Practice and LSA-R.S. 32:237(E) cited in support of plaintiffs’ contentions are inap-posite.
Based upon the above facts, it is found' that Will Ladner had the burden of prov *239 ing that Virgil Austin was negligent and that Austin’s negligence was the proximate cause of the ensuing collision. He has failed to sustain this burden of proof. Going one step further, Mrs. Ladner could have recovered as a guest passsenger, had she merely proven that Austin was negligent and that his negligence was a proximate cause of the accident. She has failed to sustain this burden, for the reasons stated.
It is provided by LSA-R.S. 13:-3666[1] that expert witness “shall receive additional compensation” which is “to be fixed by the court.” It provides further that “the court shall determine the amount of the fees” either “from the testimony adduced upon the trial of the cause” or by rule to show cause. (Emphasis ours.) The fees are to be taxed as costs and a-re to be paid by the party cast in judgment.
Counsel for plaintiffs cites the case of Crichton v. Krouse, La.App., 150 So. 443, in support of his contention that a surveyor is not entitled to an expert witness fee. However, in the case of Prampin v. Southern Chemical Works, La.App., 65 So.2d 672, it was found that the fee of a Civil Engineer who qualified as an expert was properly taxed as costs. This was so even though the engineer had not been appointed by the court, but had been summoned by the successful litigant.
It is felt from a review of the testimony that the fees requested for the doctor and the engineer in this case are reasonable. Counsel for plaintiff has not attacked the quantum of the fees. It is also felt that the trial court should have fixed these fees under LSA-R.S. 13:3666 when it rendered judgment. However, it is also felt that it is unnecessary to remand the case on this point. Accordingly, the judgment of the trial court rejecting plaintiff’s demands at their cost is amended to include a fee of $50.00 to Dr. F. J. Foster and a fee of $150.00 for R. R. Porter, Civil Engineer, and as amended the judgment is affirmed. All costs of court and of this appeal are taxed to plaintiffs, Will Ladner and Lora Williamson Ladner.
Affirmed.

. “A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
“B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to he paid by the party cast in judgment either:
“(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
“(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determinating the amount of the expert fees to be paid by the party cast, in judgment which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.”