156 So.2d 132 (1963)
Rowena BELGARDE, Plaintiff-Appellant,
v.
CITY OF NATCHITOCHES, Defendant-Appellee.
No. 890.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1963.
*134 Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for plaintiff-appellant-appellee.
Watson, Williams & Brittain, by Arthur C. Watson, Natchitoches, for defendant-appellee-appellant.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
This is a suit by a landowner to recover for the illegal and unauthorized taking of an acre of her land by the defendant municipality. The trial court awarded the plaintiff $1,000 for the taking and an additional $110 for the cost of a survey.
The plaintiff's appeal seeks an increase in the award, and the defendant's answer to the appeal prays for a reduction thereof. The only issue before us thus concerns the amount of the award.
The defendant municipality constructed a street, together with two connecting streets, through a 13-acre tract owned by the plaintiff landowner, without securing her consent and without expropriating same.
As to the issues raised before us on this appeal:
1. Although the plaintiff's expert made a generalized estimate that the value of the acre taken was at least $1,200, we find no error in the trial court's having accepted the testimony of the defendant's experts (which was based upon comparable sales and detailed reasons) that the value of the servitude taken was not more than $500.
Insofar as the plaintiff contends that she was entitled to severance damages to the remainder of her tract caused by the construction of the municipal streets through it, we think that the preponderance of the evidence indicates that claimed severance damages, if any such resulted, were more than offset by special benefits accruing to this remainder by reason of the construction of the improvement through it. The plaintiff therefore is not entitled to recover severance damages. Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654; City of Natchitoches v. Cox, La.App. 3 Cir., 135 So.2d 302; Parish of East Baton Rouge v. Edwards, La.App. 1 Cir., 119 So.2d 175.
2. In addition to the award for the actual value of the servitude, the trial court included the sum of $500, representing additional compensation to which the court felt the plaintiff to be entitled because her land had been taken by an illegal trespass instead of through the proper expropriation proceedings.
The plaintiff had prayed for damages for the humiliation, worry and mental anguish arising from the illegal trespass upon her property. She testified that she was considerably angered and aroused by the fact that the municipality had in her absence and without her consent constructed the streets through her property. This type of damages resulting from an illegal trespass onto a landowner's property is regarded under Louisiana jurisprudence as compensatory damages to which the landowner is entitled for the violation of a recognized property right through the trespass. Roge v. Kuhlman, La.App. 3 Cir., 136 So.2d 819, certiorari denied; Loeblich v. Garnier, La.App. 1 Cir., 113 So.2d 95, certiorari denied.
This type of damages is properly awarded the landowner for wrongful trespasses by municipalities as well as for those by private persons. Givens v. Town of Ruston, La.App. 2 Cir., 55 So.2d 289; Oglesby v. Town of Winnfield, La.App. 2 Cir., 27 So.2d 137. However, as noted in the Givens case, 55 So.2d 291, "of course, the unlawfulness of the action * * * must be clearly established, and it must be of such character and of such magnitude as would reasonably be calculated to cause the owner mental distress, pain and discomfort."
In the absence of a legislative waiver of immunity a municipality often may not *135 be liable for torts committed while engaged in a purely governmental function, see e.g., Barber Laboratories v. City of New Orleans, 227 La. 104, 78 So.2d 525.[1] However, this doctrine is subject to qualification and exceptions. One of them, for instance, is that municipalities may be sued for damages resulting from street and sidewalk defects even without legislative authorization. Carlisle v. Parish of East Baton Rouge, La. App. 1 Cir., 114 So.2d 62, and cases therein cited; Fordham and Pegues, Local Government Responsibility in Tort in Louisiana, 3 La.L.Rev. 720 (1941), 731 et seq.
Yet another recognized exception obtains when the municipal officers or employees intentionally exercise a governmental power illegally or improperly, such as by a trespass upon or the destruction of private property without proceeding in accordance with the forms required by law. Faucheux v. Town of St. Martinville, 124 La. 959, 50 So. 809, 35 L.R.A.,N.S., 435 (on merits), and 120 La. 764, 45 So. 600 (on exceptions); Pontchartrain R. Co. v. City of New Orleans, 27 La.Ann. 162; Walling v. Mayor, etc., 5 La.Ann. 660; Engeran v. City of Houma, La.App. 1 Cir., 146 So. 712. See also: Fordham and Pegues, cited above, at 3 La.L.Rev. 746; 2 Harper & James, The Law of Torts (1956), Section 29.6 at p. 1626 ("Where injury is caused in the performance of a governmental function the municipality may nevertheless be liable for the torts of its officers where these involve either a taking or a direct trespass to real estate * * *."); 63 C.J.S. Municipal Corporations § 772, p. 72; 38 Am.Jur. Municipal Corporations, Section 583, p. 279; 18 McQuillin, Law of Municipal Corporations, Section 53.11 (3rd ed. 1949), p. 159 ("Regardless, it seems, of whether it is acting in a public or private capacity, a municipality is liable for a trespass committed by its officers or servants in the course of their duties, as where it is constructing a public improvement, and its officers or servants trespass upon abutting private property").
In the earlier Faucheux case, 45 So. 600, cited above, our Supreme Court summarized our prior jurisprudence on the question and stated: "The general rule is that a municipal corporation is liable for the trespass and wrongful acts of its officers, expressly authorized or ratified by the governing body of the corporation * * *. If, in exercising a corporate power, a trespass is committed upon private property, without complying with the charter or statute, the [municipal] corporation is liable in damages therefor." (On the merits, the court awarded not only the special damages, $30, the value of the property destroyed; but also an additional amount of $220 as general damages. 50 So. 809 at 811.)
We affirm the award of trespass damages by the trial court. In accordance with the authorities cited above, the trial court properly held that a municipality which appropriates property in violation of the constitution, without prior judicial authority for the taking, should pay such trespass damages in a suit by the landowner to recover for this illegal taking. If in such an instance the landowner should receive only the value of the land taken, the municipality thus is liable only for the same amount as if it had expropriated in accordance with lawindicating, should that be the holding, that the judicial expropriation proceedings required by the constitution are *136 a useless formality, while at the same time depriving the landowner of the additional compensation to which he is entitled as compensatory damages for the violation of his constitutional property right to be free of unlawful trespasses upon and takings of his land, whether by the municipality or by private persons.
The authorities relied upon by able counsel for the appellant as suggesting a contrary holding are not persuasive, since, among other reasons, they do not concern municipal corporations and their liability for damages arising out of intentional and authorized trespasses by municipal officers and agents.
The amount of the award for trespass damages herein was within the discretion of the trier of fact and is justified by the evidence in the present record.
3. The trial court additionally awarded the plaintiff $110, as the proven cost of a survey she had had made immediately after she discovered the trespass, in order to prove the trespass and to measure the amount of her land illegally taken. The survey was used by the plaintiff's expert witness to prove the extent of the trespass onto her property.
The trial court awarded this as an additional expert fee for the time used by the expert to prepare to testify in court, citing Recreation and Park Commission of East Baton Rouge Parish v. Perkins, 231 La. 869, 93 So.2d 198. Such an award for the fees of an expert employed by the landowner in connection with testifying concerning the taking of land by a public body, are properly taxable as court costs, State Through Department of Highways v. Jones, 243 La. 719, 146 So.2d 414; although, as this decision notes, legal interest thereupon is not allowable, since the recovery of the fees are allowed as court costs and not as damages. (The judgment herein reflects that the trial court did not allow legal interest upon the award made herein for the cost of the survey.)
We find no error in the trial court's allowance of recovery for this cost of the expert preparing to testify in this litigation.
For the reasons assigned, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.
NOTES
[1] (by author of opinion): The doctrine of governmental immunity, which was judicially created (see Toppi v. Arbour, La.App. 1 Cir., 119 So.2d 621), has been much criticized in modern times, especially as applied to municipalities, as illfounded and illogical in a constitutional democracy, and as filled with meaningless distinctions and artificial exceptions. Pugh, Historical Approach to the Doctrine of Sovereign Immunity, 13 La.L. Rev. 476 (1953); Fordham and Pegues, Local Government Responsibility in Tort in Louisiana, 3 La.L.Rev. 720 (1941); Prosser on Torts (2nd ed. 1955), Section 109 at pp. 774-780; Annotation, Municipal immunity from liability for torts, 60 A.L.R.2d 1198.