244 So.2d 45 (1971)
Adolphus D. McKOWEN et al.
v.
R. O. McCRAINE.
No. 8172.
Court of Appeal of Louisiana, First Circuit.
February 1, 1971.
Frank Foil, Baton Rouge, for appellants.
William C. Bradley, Baker, for appellee.
Before LANDRY, ELLIS and BLANCHE, JJ.
ELLIS, Judge.
This is a possessory action, in which plaintiffs Adolphus D. McKowen and Mansel S. Slaughter ask to be restored to the possession of a strip of ground abutting the property of defendant R. O. McCraine, and for damages arising out of the disturbance of their possession. After trial on the merits, judgment was signed favorable to plaintiffs, except for the failure to award damages, and plaintiffs have appealed the latter aspect of the judgment. Since defendant has neither appealed nor answered the appeal, the judgment is final in all other respects.
That damages for mental anguish as a result of a trespass may be awarded is no longer open to question. Loeblich v. Granier, 113 So.2d 95 (La.App. 1 Cir. 1959). The only testimony in the record bearing on the point is that of Mr. McKowen, who said that he had been put to a "tremendous amount of time and bother." Mr. Slaughter did not testify on the point at all.
We cannot say that the trial judge's finding that the above is not sufficient to support an award for mental anguish is manifestly erroneous. Although such damages are admittedly difficult of proof, an award must be supported by some evidence. We cannot hold that mental anguish, embarrassment, etc. must result, of necessity, from a trespass or encroachment on one's property.
*46 Plaintiffs also complain of the failure of the trial court to award them the sum of $425.00 expended by them for a survey necessary to establish the boundary between the properties. The survey was used in conjunction with the testimony of John W. Kellen, Jr., who qualified as an expert in surveying, and who actually made the survey. This amount should have been allowed as an item of court costs, since it was a part of the preparation of the expert for his testimony in the court. See R.S. 13:3666; Ladner v. Aetna Casualty and Surety Co., 139 So.2d 237 (La.App. 1 Cir. 1962); Belgarde v. City of Natchitoches, 156 So.2d 132 (La.App. 3 Cir. 1963).
The judgment appealed from is therefore amended so as to tax the surveyor's fee of $425.00 as costs, and as amended, it is affirmed, at defendant's cost.
Amended and affirmed.