REGAN, Judge.
Plaintiff, Carl Hayden, filed this suit against the defendant, George Soule, to recover $3,949.99, representing the unpaid balance due for the construction of a swimming pool at defendant’s summer home in Husser, Louisiana.
He asserted that the defendant complained to him relative to the existence of construction defects but refused to permit the plaintiff to correct them.
Defendant answered and admitted that only $2,000.00 had been paid on account of the $5,949.99 contract, however he denied that any additional amount was due since the swimming pool leaked. He averred that plaintiff refused to correct the defects despite numerous requests. In addition, *265 defendant filed a reconventional demand i for $15,000.00 for the alleged anguish, harassment and inconvenience which he experienced as a result of plaintiff’s faulty construction and continued refusal to correct the leak.
From a judgment dismissing plaintiff’s suit and awarding defendant the sum of $1,500.00 on the reconventional demand, the plaintiff has appealed.
The record discloses that the contract required plaintiff to construct a swimming pool and bathhouse within ten working days from the time construction was started. The job was not completed until eleven weeks thereafter or during the month of May 1968. Upon using the pool, defendant noticed it leaked and he called on plaintiff to remedy this defect. Plaintiff sent one of his workmen to apply a coat of epoxy paint to the sides and bottom of the pool. Plaintiff explained this should have sealed any leaks in the concrete shell. Approximately one week after the epoxy was applied, defendant advised the plaintiff the pool was still leaking perceptively and the water level was dropping several inches daily. Plaintiff returned to apply a second coat of epoxy but this measure also proved ineffective.
During the interval between the second painting in the summer of 1968 and February 1969, defendant made several complaints to plaintiff that the leak had not been corrected, coupled with requests that he return and complete the pool. According to the defendant, plaintiff made several appointments during this period but failed to keep them. Plaintiff conversely contends that the defendant was never available at his summer home and would not permit plaintiff entry to the property to conduct the tests necessary to locate the source of the leak and repair it.
In February 1969, the defendant engaged Pelican Pool & Patio Specialties to repair the leak. Thereafter he 'refused to permit the plaintiff to enter his property.
This company succeeded in correcting all the leaks in the concrete shell by first repairing leaks in the pipes near the filter and then patching numerous cracks in the concrete sides. Finally, after noting the epoxy paint applied by plaintiff the previous summer was peeling in sheets from the bottom of the pool, the Pelican representative sandblasted to remove the paint.
During this operation it became apparent that the shell on the bottom of the pool, which should have been between four and eight inches thick, was considerably thinner. Ultimately, Pelican removed the bottom and installed a new one, reinforced the sides with steel and replastered the shell. According to the defendant, Pelican’s work effectively corrected the leaks in the shell. He explained that the pool still leaked where the tiles border the top sides of the pool but he has not endeavored to locate the source of this leak or repair it. Although defendant termed the corrective work by Pelican “excellent”, he failed to explain why he did not engage this same contractor to locate the leak at the tile level.
Relative to the defendant’s expenditures on the construction, it is established that he paid plaintiff $2,000.00 during the time construction was underway. To correct the deficiencies in construction, defendant paid Pelican $2,559.34. Of this amount an insignificant portion of this billing was for chemicals used in the pool, however we are convinced that the defendant is entitled to a credit for the full amount because he undoubtedly used considerably more chemicals than he would have had the pool operated properly from the' time it was completed. During the first summer it was in use (1968), the severe leak required it to be filled or have water added very often. This would of course require the use of greater quantities of chemicals.
Thus the total expended by defendant to have the pool constructed and its de *266 fects corrected until the trial hereof occurred was $4,559.34. In view of the fact that the defendant took no steps to remedy the leak in the tiles, despite the fact he found a pool repair firm that satisfied him, we are not convinced that he should be allowed a credit for future repairs since the record does not establish what the cost would be and it was within the sole province of the defendant to ascertain the cost of repair and to produce competent evidence to establish this fact.
 At a cost of $4,559.34, defendant now owns a swimming pool for which he agreed to pay plaintiff $5,949.99. Thus the balance due plaintiff should be reduced by the amount expended by the defendant to remedy the defects and to complete the contract. After deducting the funds expended by the defendant for remedial work, i. e., $2,559.34, there remains a balance due to the plaintiff of $1,390.65. In this case the measure of damages is the cost incurred by the defendant to complete the contract.[1]
Relative to the award of $1,500.00 on the reconventional demand, our review of the record compels us to conclude that there is not sufficient evidence to support this judgment. We are cognizant of the difficulty experienced in proving damages for mental anguish and inconvenience; however, a statement by the defendant to the effect that he was aggravated and inconvenienced is sufficient to support such an award[2]
For the reasons assigned, the judgment appealed from is reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Carl Hayden, and against the defendant, George Soule in the sum of $1,390.65 with interest from judicial demand. Defendant is to pay all costs of this litigation.
Reversed and rendered.

. LSA-C.G. art. 1930. See also Poche v. Landry, 57 So.2d 808 (La.App.1952).

. McKowon v. McCraine, 244 So.2d 45 (La.App.1971).