## McGary v. The City of Lafayette.

Where a municipal corporation ratifies the tortious acts of its agents, it will be liable therefor, although those acts were not done by the authority of the city government.

The general rule in regard to the allowance of damages under our law is that established by art. 2294 C. C., by which the reparation must be equal to the injury. An exception is made to this rule by art. 1928 C. C. in relation to damages resulting from offences, quasi-offences, and quasi-contracts, which declares that in such cases much discretion must be left to the judge or jury ; but this discretion is not unlimited, and, in this respect, our jurisprudence differs from that of England.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Roselius*, for the plaintiff. *Michel* and *Preston*, for the appellants. The judgment of the court was pronounced by

ROST, J. This case was before our predecessors on a former appeal, and the facts of it are fully stated in the opinion of the court, 12 Rob. 668. On the first trial in the District Court, the plaintiff obtained a verdict for $10,000 damages, upon which judgment was rendered in her favor. The Supreme Court affirmed the judgment ; but, on an application for a re-hearing, the majority of the court remanded the case for a new trial, principally on the ground that the damages were excessive. The court also intimated a doubt as to the liability of the corporation for the tortious acts charged against its officers. On the second trial the plaintiff obtained a verdict and judgment for $5,000 and the defendants prosecuted the present appeal.

After the verdicts of two juries, the facts of the case must be considered as settled in favor of the plaintiff, and we have no hesitation in saying that those facts authorize the recovery of damages against the defendants. It is true the acts complained of were not done by the authority and order of the city government, but those acts, after they were done, were ratified by the corporation. *Thayer* v. *City of Boston*, 19 Pickering, 511. *Fowle* v. *Common Council of Alexandria*, 3, Peters, 398. *Ware* v. *Barataria and Lafourche Canal Co.*, 15 La. 168. *Mabei* v. *Canal Bank*, 11, La. 86.

Under this view of the law of the case, the only question left is, as to the amount of the damages allowed. The general rule of law under which damages are allowed, in our system of jurisprudence, is in these words: " Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it." C. C. 2294. Under that rule, the reparation made must equal the injury inflicted. But an exception is made by art. 1928 C. C., in relation to damages resulting from offences, quasi-offences, and quasi-contracts. In those cases, says the Code, much discretion must be left to the judge or jury. The french text is: "*les dommages dans ces cas sont laissés en grande partie à la prudence du juge ou du jury pour leur fixation.*" This disposition of law while it gives to the judge or jury a discretion which they have not in other actions of damages, clearly intimates that the discretion thus given is not illimited,

and in this respect our jurisprudence differs from that of the english courts, upon whose authority the plaintiff's counsel relies.

Admitting that the verdicts of juries in those cases should not be disturbed on slight grounds, and that they ought to be maintained, although their amount is something larger than we approve, yet there is a limit beyond which it is our duty to interfere, and we think this a proper case for our interference. The defendants were entitled to the land they claim. The plaintiff being aware of that fact, had abandoned it for the public use, and put up a building on the last line given by the city surveyor. He is not entitled to be indemnified for the value of this land, and it is proved that the damage sustained by the taking down of the wall could not have exceeded three or four hundred dollars. We admit that the actual loss sustained is not the measure of damage, and that the jury had a right to take into consideration the violent and illegal proceedings of the officers of the corporation. The facts of the case would, in our opinion, have authorized a verdict for $1500, and we will decree accordingly.

It is therefore ordered that the judgment in this case be reversed. It is further ordered that there be judgment in favor of the plaintiff and against the defendants, for the sum of $1500, with the costs of the district court; those of this appeal to be paid by the plaintiff and appellee.