Lugo, Demandante y Apelada, *v.* Municipio de Lajas et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Mayagüez en un procedimiento de *injunction.*

No. 2940.—Resuelto en noviembre 30, 1923.

*Injunction*— Municipio — Oficiales y Agentes — Daños— Intromisión— Daño Irreparable—Actos de Carácter Público—Funcionarios Municipales— Procederá el *injunction* contra los oficiales y agentes de un municipio aún cuando éste no pueda ser condenado al pago de daños y perjuicios. Dicho remedio puede alcanzar a los oficiales municipales por una amenazada intromisión que produce lo que en la ley se conoce por daño irreparable, o sea, uno que no puede ser fácilmente compensado mediante indemnización. Si son ilegales ciertos actos por los cuales el municipio no podía ser condenado al pago de daños, por ser actos de naturaleza pública distinta, los oficiales y agentes del municipio que realizan la intromisión pueden ser restringidos.

Id.—Id.—Id.—Delegación de Poder—Ratificación—Cuestión de Hecho—*Colore Officii*—Facultad General—Actos Ilegales.—Si un acto ilegal de resultado perjudicial para un individuo estaba autorizado por el municipio por cualquier previa delegación de poder, o por alguna subsiguiente ratificación de actos particulares, es una cuestión de hecho que ha de resolverse por

toda la prueba del caso. Por regla general el municipio no es responsable por los actos no autorizados e ilegales de sus oficiales, ya sean ejecutados *colore officii,* pues debe también aparecer que ellos estaban autorizados expresamente por la administración municipal para realizar dichos actos, o que éstos se ejecutaron de buena fe y a virtud de una facultad general para actuar a nombre del municipio en el asunto con el cual guardan relación, o que en uno u otro caso tales actos fueron aprobados y ratificados por el municipio.

ID.— ID.— ID.— ALEGACIÓN— CONTESTACIÓN— RATIFICACIÓN— ACTOS ILEGALES — RESPONSABILIDAD PECUNIARIA—CONTINUACIÓN DEL *Injunction*—COSTAS.—Aunque la contestación formulada por un municipio en un procedimiento de *injunction* contra él y en la cual se insiste en que la propiedad era municipal y que el inspector de obras públicas estuvo justificado en destruir la cerca en ella levantada puede no ser una suficiente ratificación de los actos ilegales de sus oficiales para fijar una responsabilidad pecuniaria a dicho municipio, tal ratificación, sin embargo, es suficiente para justificar la continuación del procedimiento de injunction contra el municipio y sus oficiales, pero el municipio no debe ser condenado en costas.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. A. Vázquez.*

Abogados de la apelada: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una petición de *injunction* para retener la demandante la posesión de una finca, establecida por virtud de las leyes especiales de 1913 y 1917. Se siguió contra el municipio de Lajas y el Comisionado de Servicio Público de dicho municipio, conocido comúnmente por Alcalde. La corte inferior dictó sentencia a favor de la demandante, declarando probado que dicho comisionado, en su carácter oficial, fué a la casa de la demandante y le ordenó destruir una cerca diciendo que si no lo hacía él lo haría, y que los empleados del municipio, pagados por éste, destruyeron y quitaron dicha cerca, y que estos actos fueron ejecutados por los referidos empleados con la autorización y consentimiento del expresado comisionado de servicio público.

El municipio se defendió en la corte inferior y en apelación alega tres fundamentos de error. Los dos primeros señalamientos, independientemente del alcance de las leyes

de 1913 y 1917, levantan la cuestión de la responsabilidad del municipio por los supuestos actos ilegales o *ultra vires* de sus funcionarios.

La conducta de Tomey, el alcalde, que era uno de los demandados, así como la de uno de sus testigos, fué sorprendente en verdad, particularmente la de Tomey. Este se dispuso a negar y evadir cualquier pregunta que se le hiciera y hubo de ser reprendido por el juez repetidas ve-- ces. Sin embargo, apareció con suficiente claridad que los funcionarios del municipio reclamaban la propiedad en cuestión para el municipio. Se vió suficientemente de la misma declaración del demandado que la cerca fué destruída, sino alegándose existir un derecho para ello, al menos porque los diferentes funcionarios del municipio creyeron que la cerca impedía el libre tráfico de los ciudadanos de Lajas. Esta fué la declaración del inspector de obras públicas y la inferencia inevitable del resto de la prueba era que él estaba sostenido por el alcalde. No tenemos ninguna duda respecto a la responsabilidad del alcalde demandado, pero el problema que se presenta es distinto en cuanto a la responsabilidad del municipio.

El *injunction* procederá contra los funcionarios y agentes de un municipio aun cuando el municipio mismo no pudiera ser condenado por daños y perjuicios. *Welton* v. *Dickson,* 22 L. R. A. 496, donde se cita el caso principal de *Watson* v. *Sutherland,* 5 Wall. 74; *Ferrer* v. *Gutiérrez,* 28 D. P. R. 460; *Minneapolis Brewing Company* v. *McGillivray,* 104 Fed. 271; *Carter et al.,* v. *Warner,* 89 N. W. 747. Estas autoridades indican que hasta puede alcanzarse a los funcionarios municipales por una amenazada intromisión que produce lo que en la ley se conoce por daño irreparable, o sea, aquel que no puede fácilmente ser reparado por daños y perjuicios.

No tenemos que considerar la materia general de *injunction* con ninguna gran amplitud, porque la materia ob-

jeto de este pleito podría considerarse por virtud de la ley
núm. 11 de noviembre 14, 1917, página 221 de las leyes de
ese año, cuya sección primera es como sigue:

"Sección 1ª.—Se concederá un *injunction* para retener o· reco-
brar la posesión material de propiedad inmueble, a instancia de
parte interesada, siempre que ésta demuestre, a satisfacción de la
corte, que ha sido perturbada en la posesión o tenencia de dicha
propiedad, por actos que manifiesten la intención de inquietarle o
despojarle, o cuando haya sido ya despojada de dicha posesión o
tenencia."

Con arreglo a esta ley un propietario en Puerto Rico
está protegido contra los actos ilegales que en ella se es-
pecifican en lo que respecta a cualquier otro individuo o en-
tidad en particular. La ley es general y protegerá a una
persona que sufre un daño debido a los actos de los agen-
tes de una corporación.

Por tanto, la cuestión principal ante nosotros es si el
municipo era responsable por el acto de sus agentes y fun-
cionarios de tal modo que sus funcionarios y agentes po-
drían ser restringidos de seguir ejecutando los actos que
motivan esta petición de *injunction*. Incidentalmente pode-
mos decir que las autoridades nos convencen de que ciertos
actos por los cuales el municipio no podía· ser condenado
en daños y perjuicios por ser actos de un carácter público
distinto, si dichos actos fueran ilegales los funcionarios y
agentes de la corporación municipal ofensora todavía po-
drían ser restringidos.

En el caso de *Haskell* v. *The City of New Bedford,* 108
Mass. 208, la acción fué por daños contra la ciudad por pe-
penetrar en el sitio del demandante y colocar· allí un poste
impidiéndole poder levantar un edificio en el mismo, ha-
biéndose expresado la corte en estos términos:

"No fué ofrecida ninguna prueba sobre si el sitio en cuestión
era o no un camino público. Si lo era, el edificio y poste consti-
tuían estorbos públicos (*public nuisances*) y el demandante no tenía

ningún derecho de acción para quitarlos o sacarlos de la calle (se citan casos). Si no era un camino público, el alcalde carecía de autoridad, ya por virtud de sus facultades generales o como superintendente de caminos, para admitir o declarar dicho camino como tal de modo que obligue a la ciudad (se citan casos). Los actos realizados por el alcalde y miembros del concejo, o el alcalde solamente, para mantener las calles libres de obstrucciones, son actos ejecutados por ellos como funcionarios públicos y no en su carácter de agentes de la ciudad y por tales actos la ciudad no era responsable para poder ser demandada (se citan casos).

"Tales actos no están al mismo nivel que los ejecutados por los funcionarios municipales al tratar de conservar o reparar un edificio perteneciente a la ciudad y por lo cual dicho municipio recibe una renta como cualquier otro propietario; Thayer v. Boston, 19 Pick. 511; Oliver v. Worcester, 102 Mass. 489; o al construir o reparar, dentro de la autoridad conferida por un estatuto que ha sido aceptado por la ciudad, un alcantarillado general, que por la ley ha sido declarado como propiedad de la ciudad, y se ha autorizado que los gastos del mismo se impongan a los propietarios colindantes (cita de autoridades), o de acuerdo con los votos de una población, en la reparación de un puente o camino que el pueblo está obligado a conservar en buenas condiciones, y que origina daños a la propiedad fuera de los límites del camino, como se dijo en Hawks v. Charlemont, 107 Mass. 414." 108 Mass. Rep. 211.

Asimismo en el caso de *Manners* v. *Haverhill,* 135 Mass. 171, resolvió la corte que el acto motivo de queja no resultó haber sido ejecutado con arreglo a ningún voto del concejo municipal de la ciudad, o en relación a alguna propiedad que la ciudad alegaba poseer, o en la ejecución de cualquier obra que la ciudad estaba especialmente autorizada para hacer o en la cual dicha ciudad tenía un interés corporativo distinto del de los habitantes en general de la comunidad, y se resuelve que el caso de *Thayer* v. *Boston,* 19 Pick 511, *supra,* no era aplicable.

Este último caso es el principal sobre la materia y también señala la excepción a la regla de la irresponsabilidad de una corporación municipal. Citaremos dos párrafos de

la opinión emitida por el Juez Presidente Sr. Shaw, a saber:

"Hay una gran clase de casos en los cuales los derechos tanto del público como de los individuos particulares pueden estar intensamente envueltos y en la cual no puede saberse al realizarse el acto, si es o no legal.   El tener que hacerse una investigación legal en una corte de justicia puede indicar que era ilegal.   Sin embargo, si no es conocido y tenido por ilegal entonces, si fué un acto ejecutado por funcionarios con autoridad competente, ya por el voto expreso del gobierno municipal o por la naturaleza de las obligaciones y funciones de que están ellos investidos, por sus cargos, para actuar sobre la materia general en cuestión y especialmente si el acto fué realizado con un propósito honrado de obtener para el público algún beneficio o ventaja legítimos, la razón y la justicia exigen claramente que la ciudad, en su capacidad corporativa, sea responsable para reparar el daño sufrido por un individuo, como consecuencia de los actos de tal modo ejecutados.   Sería asimismo perjudicial al individuo que sufre un daño, y para los agentes y personas empleadas por el gobierno municipal, el dejar a la parte perjudicada sin ningún remedio, excepto contra los agentes y empleados, y por lo que entonces parecía ser competente autoridad, para realizar los actos impugnados, pero los cuales se prueba que no están autorizados por· la ley.   Y puede añadirse que sería perjudicial para la ciudad misma, en su carácter corporativo, por el hecho de paralizar las energías de aquellos que tienen la, obligación de velar por sus más importantes derechos, puesto que todos los agentes, funcionarios y subalternos podrían muy bien negarse a actuar de acuerdo con las instrucciones de su gobierno en todos los casos en que el acto fuere meramente motivo de queja y haya sido opuesto por cualquier individuo por ser ilegal, bajo cualquier simple pretexto; y de conformidad con el principio citado, ninguna obligación de indemnización podría valerles.

❋    ❋    ❋    ❋    ❋    ❋    ❋

"Si un acto en particular, que produce un efecto perjudicial para una persona, estaba autorizado por la ciudad, por cualquier delegación previa de facultades, general o especial, o por la adopción subsiguiente y ratificación de actos particulares, es una cuestión de hecho que ha de dejarse al jurado para ser resuelta por toda la prueba del caso.   Por regla general la corporación no es responsable por los actos no autorizados e ilegales de sus oficiales,

aunque sean ejecutados *colore officii;* debe resultar además que fueron expresamente autorizados para ejecutar los actos por el gobierno de la ciudad, o que lo hicieron *bona fide* de acuerdo con la autoridad general que tiene la ciudad para actuar, sobre el particular a que se refieren; o que en uno u otro caso el acto fué adoptado y ratificado por la corporación.''

Se verá, pues, que una corporación municipal puede ser hecha responsable por los actos dañosos de sus mismos oficiales y agentes cuando la corporación municipal ratifica los actos de sus agentes y esto está sostenido por algunos casos notables de Louisiana, *McGary* v. *The City of Lafayette,* 4 La. Ann. 440; *Wilde* v. *The City of New Orleans,* 12 La. Ann. 15.

Decisiones semejantes pueden verse en los casos de *Sheldon* v. *The Village of Kalamazoo,* 24 Mich. 383; *Persons* v. *Valley City,* L. R. A. 1916 D. p. 1079, con su anotación en la página 1088. Véase asimismo a Dillon sobre Corporaciones Municipales, 1651 (971).

En la contestación formulada por los demandados bajo el epígrafe de ''Nueva Materia,'' aparece lo siguiente:

''(*a*) El terreno en que está constituída la zona urbana del pueblo de Lajas pertenece al municipio de Lajas, y tal terreno, desde antes de las fechas a que se refiere la demanda, ha estado y está en la posesión real y civil de dicho municipio;

''(*b*) José Dolores Irizarry era el 15 de abril de 1922, y antes de esa fecha un Inspector de Obras Públicas en el municipio de Lajas, y habiendo la demandante desposeído materialmente al municipio de Lajas, sin consentimiento de éste, de una faja de terreno, destinada a tránsito público, situada en la calle 'Amistad,' de Lajas, cercándola con una cerca de zinc podrido y antihigiénico, el citado Irizarry, sin orden de ninguno de los demandados, sino cumpliendo con reglas de urbanización procedió a destruir y destruyó dicha cerca, reponiendo la faja de terreno mencionada a su primitivo estado para tránsito público.''

Esta fué la contestación del alcalde y de la corporación municipal conjuntamente, y el alcalde, con arreglo al ar-

tículo 29 de la ley municipal, tiene facultad para represen-
tar a dicho municipio. Por consiguiente, la contestación,
en tanto se refería al municipio, insistía en que la propie-
dad era municipal y que el inspector de obras públicas es-
tuvo justificado al destruir la cerca. Aunque podemos te-
ner dudas de si esta contestación es una ratificación sufi-
ciente de los actos dañosos de los varios oficiales de la co-
munidad para poder fijar una responsabilidad pecuniaria
sobre la municipalidad, sin embargo creemos que es una
ratificación suficiente para seguir el *injunction* contra el mu-
nicipio, sus agentes y oficiales. De ningún otro modo po-
día la demandante estar completamente segura de que los
funcionarios del municipio no seguirían destruyendo su
cerca. No creemos, sin embargo, que el municipio deba ser
condenado en costas.

El tercer señalamiento, sin la debida especificación, se
refiere a la prueba y en él se levantan varias cuestiones.

Encontramos que la propiedad, el patio en cuestión, fué
identificado completamente.

El caso de *García* v. *Rodríguez,* 27 D. P. R. 305, citado
por los apelantes, no tiene verdadera aplicación. Hubo una
simple intrusión en ese caso, pero aquí los funcionarios del
municipio penetraron en la propiedad alegando tener de-
recho a ello, y la destruyeron. Por tanto, no importa que
los actos no se repitieran. En verdad que hubiera sido di-
fícil sin un *injunction* para la demandante restablecer su
cerca bajo las amenazas directas o implícitas de los funcio-
narios municipales. El caso de del *Valle* v. *Rivera,* 23 D.
P. R. 632, fué anterior a la ley núm. 11 de 1917.

La sentencia debe ser modificada de modo que lea como
sigue: Llamado el caso para vista la corte es de opinión
que la ley y los hechos están a favor de la demandante; y
en consecuencia dicta sentencia declarando con lugar la de-
manda y ordenando que la demandante, María del Carmen
Lugo, retenga la posesión del patio de la siguiente finca

(describiéndose), y se requiere al demandado, Municipio de Lajas y su Alcalde, o cualquier otro agente o funcionario de dicho municipio, para que se abstengan en lo sucesivo, por sí o por medio de sus empleados, de cometer acto alguno tendente a molestar o privar de la posesión en que se encuentra la demandante del patio de la finca descrita, ni perturbarla en modo alguno en la posesión material del mismo, y se condena al alcalde, José Tomey, al pago de las costas y honorarios de abogado, pero sin imposición de costas contra el municipio demandado; y así modificada se confirma dicha sentencia.

> *Confirmada la sentencia apelada, modificándola.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.