Municipio de Río Piedras, peticionario, *v.* Corte de Distrito de San Juan, recurrida.

No. 645.—*Sometido:* Febrero 4, 1929.   *Resuelto:* Julio 26, 1929.

*R. Rivera Zayas* y *J. Ruiz de Val,* abogados del peticionario; *M. Tous Soto,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Por la corte, a propuesta del JUEZ ASOCIADO SEÑOR WOLF.

POR CUANTO en este *certiorari* la finalidad es atacar el derecho de una corte de distrito a dictar ciertas medidas para asegurar la efectividad de una sentencia;

POR CUANTO Vicente Machuca presentó en la Corte de Distrito de San Juan una demanda en la que alegó sus derechos como arrendatario y el deber de su arrendador de mantenerlo en el goce pacífico del arrendamiento por todo el tiempo del contrato y estableció supuestas violaciones de tal deber por parte del arrendador, Municipio de Río Piedras;

POR CUANTO la Corte de Distrito de San Juan dictó una orden de aseguramiento de sentencia por la que prohibió al demandado, municipio de Río Piedras, la ejecución de cualquier acto tendente a perturbar al demandante Machuca en la posesión y disfrute de la plaza del mercado y entre ellos el cobro de cánones de subarriendo de puestos y mesas de venta; y prohibiendo también al Alcalde Municipal de Río Piedras y a la Asamblea Municipal de Río Piedras la ejecución de cualesquiera de dichos actos y de otros que tengan como consecuencia la perturbación del demandante en el disfrute de la plaza del mercado, siendo de notar que ni el alcalde ni la Asamblea Municipal de Río Piedras figuran como demandados en ese pleito; y apercibiendo al representante legal y administradores del municipio de Río Piedras, que no son demandados, de ser castigados por desacato en caso de no obedecer esa orden;

POR CUANTO la demanda en cuanto solicita la declaración de existencia del contrato, no procede, ya que el demandante se encuentra actualmente en posesión del mercado y la declaración de una corte sería académica porque declarar que hay un contrato existente y válido no es un remedio procesal;

Por Cuanto lo único que quedaría en la demanda son las alegadas supuestas violaciones del contrato · por parte del arrendador, lo que de acuerdo con sus alegaciones solamente originaría derecho a daños y perjuicios;

Por Cuanto los actos y violaciones de que se hace mérito en la demanda no son tales como se alegan, propiamente los actos del municipio de Río Piedras, y si los actos alegados fueron realizados por funcionarios o agentes del municipio, cabría contra ellos un *injunction* pero bajo las alegaciones de esa demanda no cabría contra la entidad municipio de Río Piedras. *Lugo* v. *Municipalidad de Lajas,* 32 D.P.R. 566;

Por Cuanto la Ley de *Injunctions* de 1906 se halla en vigor en Puerto Rico y no ha sido modificada por la Legislatura;

Por Cuanto el propósito de la ley para asegurar la efectividad de las sentencias es, como dice su título, proteger la sentencia que pueda dictarse finalmente en un caso, sin que quepa interpretar tal ley en el sentido de obtener previamente los efectos de la misma sentencia que todavía no se ha dictado, como ocurriría prácticamente de sostenerse la resolución de la corte de distrito en este caso; y el alcance de las medidas aseguratorias no ha sido nunca aumentado por la Legislatura;

Por Cuanto la letra "h" de la sección 2 de la ley de aseguramiento de sentencias ha sido siempre interpretada para cubrir casos extraordinarios, pero no para substituir la ley de *injunction* y evadir sus limitaciones, y una interpretación contraria tendería a impedir que un demandado tuviera la oportunidad de ser oído y defenderse, como la tiene en los casos de *injunction;*

Por Cuanto tampoco es el propósito de la ley impedir que las municipalidades durante un litigio puedan tratar de anular o rescindir legalmente un contrato;

Por Cuanto la decisión en el caso de *Polanco* v. *Goffinet,* 30 D.P.R. 826, no tendió a extender las facultades de las cortes bajo la referida letra "h", sección 2, de la ley, limitándose a

decir que algunas de esas reglas surten el mismo efecto de una orden de *injunction* y llenan la misma finalidad, y estableciendo que la regla "h" es una general cubriendo los casos no previstos por las anteriores y donde la corte tiene poder discrecional y equitativo para adoptar medidas para asegurar la efectividad de una sentencia;

Por Tanto, se anula la orden de embargo dictada por la Corte de Distrito de San Juan en enero 17, 1929, en el pleito que ha dado origen al presente recurso y se devuelve el caso para ulteriores procedimientos no inconsistentes con los términos de esta resolución.

Lo acordó el tribunal y firma el Sr. Juez Presidente.