No. 726

First Circuit

LEBLEU v. VACUUM OIL CO.

(January 26, 1931.  Opinion and Decree.)
(March 3, 1931.  Rehearing Refused.)

J. A. Williams, of Lake Charles, attorney for plaintiff, appellant.

Cline, Plauche & Girod, of Lake Charles, attorneys for defendant, appellee.

MOUTON, J.  Plaintiff is the owner of a tract of land in the parish of Calcasieu which is fenced in.  In July, 1929, defendant, through its agents or employees, built a small house or hut on the land in which they installed a Torsion Balance machine for the exploration of minerals.  The Torsion Balance was used for three or four hours, and the hut remained there for about three days.  Defendant company nor these employees had any authority whatsoever from the plaintiff to enter these premises for exploration purposes or for any other.  The entry on the land was therefore unlawful and constituted a trespass.

Plaintiff alleges that the greatest value to the land referred to was in its potential oil and mineral value, and in consequence the lease value was depreciated because of considerable mineral developments in the vicinity of his property.  Basing himself on the foregoing allegations, plaintiff alleges that the nature of the information which defendant company secured by this unauthorized exploration of his land has made it almost impossible to lease it, and will prevent him from leasing the property to any other individual or company;

that the land should lease, on a commercial or exploration basis, for at least $5 per acre, but that this lease value has been destroyed by the illegal information secured by defendant company, and that he has since been unable to lease the property, from which he has suffered a depreciated value in the land of at least $500.

The proof shows that the test made by the operation of the Torsion Balance on the land of the plaintiff was for the purpose of ascertaining the character of lands situated about two miles away from plaintiff's property, and was not intended to secure any information as to the existence of any minerals on the land of the plaintiff. The proof is that no information was or could have been obtained as to the presence of any minerals on the property of plaintiff by the operation of the Torsion Balance on his land. This fact is well established by the testimony of the experts who operated the machine, and as to which there is no contradictory evidence. As the defendant company did not secure any information in reference to plaintiff's land, it is therefore apparent that it could not have destroyed the lease value for the alleged illegal information of which plaintiff complains, and grounds his demand of $500 for alleged depreciation in the lease value of the property. Plaintiff avers also in connection with the foregoing complaint that since the information thus obtained by defendant he has been unable to lease the land.

Plaintiff testified that since defendant made these explorations on his property he had never tried to lease it for any oil purposes. His testimony certainly does not support the allegation in his petition that on account of the supposed information which he lays at the door of defendant company, he had been unable to lease the land. The fact is that he says he refused to lease it to the Gulf Company for exploration purposes. It is true he says that the Gulf Company did not offer him a penny for the proposed explorations, out in connection with that statement, he testifies that he turned that company down without discussing the price. It therefore appears, by the proof above referred to, and the reasons in reference thereto, that plaintiff is not entitled to any damages for the alleged depreciation of his land or the lease value thereof for which he is asking $500. The court below properly rejected the claim for any damages for that item.

Plaintiff further alleges that the unauthorized entry of the employees of defendant through his inclosures around his property was a willful and deliberate trespass for which he is "entitled to recover the sum of five hundred and no/100 ($500.00) Dollars from said Vacuum Oil Company as exemplary and punitive damages."

In the case of Gumpert v. Philip Werlein, 149 La. 840, 90 So. 215, it was alleged that the agents of defendant had invaded the house of the plaintiff and proceeded to remove a piano on which she owed a small balance to defendant, and desisted from so doing only after she had called for help from her neighbors and the police. In that case an exception of no cause of action was filed which had the legal effect of admitting the facts alleged. These allegations, says the court, clearly charge facts amounting to a trespass. The judgment maintaining the exceptions, including one for vagueness, was reversed and the case remanded for proof on the damages claimed for the alleged trespass. The court in that case refers to several decisions where damages were accorded in

indemnification for trespass. In these references the court cites Boniel v. Block, 44 La. Ann. 514, 10 So. 869. In that decision the memorable case of Thayer v. Littlejohn, 1 Rob. 140, is referred to in support of the rule allowing damages in cases of trespass.

In the Littlejohn case the landlord, instead of resorting to legal process, took upon himself to remove the personal effects from the premises occupied by his tenant. In addition to the removal of these effects, the landlord had also turned out the family of his tenant from the property. In referring to the furniture, the court said it afforded no excuse to the landlord because the removal had been effected without violence or injury. The verdict of the jury granting damages in that suit was affirmed.

We refer to the expression of the court in that case where it says that there had been neither violence or injury, because in the instant case there was simply an entry on the land without violence or resulting injury. This entry was, however, entirely unauthorized and was clearly unlawful. As it was effected by the employees of defendant company, it was a quasi offense for which the company, their employer or master, is answerable. Civil Code, art. 2320.

Under article 1934, Civ. Code, a party is responsible in damages for the commission of a quasi offense either against his person or by the invasion of his property rights.

In this case plaintiff clearly and fully alleged that defendant company, through its employees, had committed a willful and deliberate trespass by entering on his property without his consent or authority.

On those allegations he averred that he was therefore entitled to punitive and exemplary damages. Obviously, he could not recover punitive or exemplary damages whatever might have been his allegations, as it is now definitely settled that such damages are not recoverable under Louisiana law. Serio v. American Brewing Co., 141 La. 290, 74 So. 998, L. R. A. 1917E, 516; Hanna v. Otis, 151 La. 851, 92 So. 360.

Plaintiff was therefore in error in alleging that upon his averments, to which we have referred, that he was entitled to exemplary or punitive damages. In so referring and alleging as a legal consequence he was wrong, but the facts as set out by him in his petition entitled him, however, to recover damages for a quasi offense resulting from the invasion of his premises or property rights. His cause of action for relief on that ground was fully alleged and sustained by the evidence.

In the case of Mallerich v. Germaine, Man. Unrep. Cas. 444, in reference to the prayer for general relief, the court said: "Under the prayer for general relief, courts will render such judgment, suited to the nature and justice of the cause, as would be rendered in a new suit, and this to avoid a circuity of actions."

Under the allegations of plaintiff's petition, the relief suited to the nature and justice of the cause entitles plaintiff to a judgment in damages for the quasi offense committed against his property rights. Article 1934, Civil Code, allows much discretion to the court in the assessment of damages in cases of this character.

We find that an assessment of $100 damages meets the exigencies of the case under the evidence adduced on the trial.

The finding of the lower court rejecting the demand of $500 for the alleged lease

depreciation of the land is affirmed for the reasons hereinabove stated, but in other respects the judgment must be reversed.

It is therefore ordered, adjudged and decreed that the judgment is reversed, as above stated, and that plaintiff have judgment against defendant company for the sum of $100 with 5 per cent per annum interest from judicial demand, with all costs of court.

## ON MOTION FOR REHEARING

MOUTON, J. There is nothing in our original opinion to indicate that the damage for $100 allowed herein against defendant was for exemplary or vindictive damages, or had been inflicted as a penalty. This, we understand, is admitted by counsel in their brief for a rehearing as the authorities referred to by us can lead to no other conclusion.

The evidence shows, as is pointed out in our decision, that plaintiff had suffered an invasion of his property rights by defendant company which constituted a wanton trespass.

Defendant contends that damages allowed in such cases are merely technical and nominal; that plaintiff should not recover over one dollar with his costs.

He refers to cases, where, though a benefit had resulted from the wrong done or the right violated, damages were, however, recovered by the injured. That ruling shows to what extent the courts have gone to protect the property and personal rights of litigants. Counsel also cite Vincent v. Morgan's La. & Tex. R. & S. S. Co., 140 La. 1027, 74 So. 541.

In Vincent v. Morgan's L. & T. R. R. & S. S. Co., 140 La. 1027, 74 So. 541, referred to in the brief of counsel for mov|er, the cases McGary v. City of Lafayette, 12 Rob. 668, Id., 4 La. Ann. 440, are cited in that decision where damages had been allowed for the demolition of a building. The verdict rendered in those cases for $5,000 was reduced to $1,500.

In Vincent v. Morgan's L. & T. R. R. & S. S. Co., 140 La. 1027, 74 So. 541, the court in commenting on those decisions, approved the ruling, saying that the damages were not exemplary or vindictive, but had been allowed to represent an element of damage for the invasion of plaintiff's rights under article 1934, Civ. Code, which says the court contemplates the assessment only of compensatory damages.

The act of defendant was, in the cases commented upon, considered as a quasi-offense. Where a party's private property is taken possession of without authority of law or the consent or knowledge of the proprietor, as appears in this case, the complainant unquestionably suffers a flagrant violation of his property rights. It is impossible to believe that a person suffering such an injury would not, of necessity, be vexed and aggrieved. The violation of such rights would certainly react on his feelings. An offense or quasi-offense of the character described could not fail to carry such a result. Damages of that nature are compensatory and come under the operation of article 1934, Civ. Code.

In cases of that nature it is not required that the reparation be equal to the injury, as much is left to the discretion of the judge in assessing the damages. McGary v. City of Lafayette, 12 Rob. 668; Id., 4 La. Ann. 440; Vincent v. Morgans' L. & T. R. & S. S. Co., 140 La. 1027.

We shall, however reduce the damages allowed in our original judgment to $50

without the necessity of granting a rehearing.

It is therefore ordered, adjudged and decreed that the judgment originally rendered herein for $100 be and is hereby amended by reducing it to the sum of $50, and as thus amended it be affirmed.