## McDANIEL v. LIEBERMAN et al.
### No. 1401.

Court of Appeal of Louisiana.
First Circuit.
Dec. 4, 1934.

Dudley L. Weber, of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellee.

LEBLANC, Judge.

On October 1, 1932, as appears from a written contract offered in evidence in this record, the plaintiff herein, Henry Talmadge McDaniel, leased to Mrs. Margie Simmons a building to be used as a lunch stand or roadside inn, together with all equipment and furniture therein, as fully described in a list annexed to the contract. Included in the furniture were sixteen chairs which together with a day bed, had been sold to plaintiff on terms of credit, by Hyman Lieberman, the defendant, who operated his business under the name, Capital Furniture Company. The lease was for the period of one year at a monthly rental of $35. There is some discrepancy between the plaintiff and defendant as to the price of the chairs, which, however, is immaterial so far as it concerns this proceeding. According to the statement found in the record, the price of the bed was $24.50 and the chairs, listed at $2.95 each, amounted to $47.20. The total bill therefore was $71.70, on which, according to the statement referred to, plaintiff had made five payments totaling the sum of $26. The sixteen chairs had been delivered to the plaintiff by defendant, and, when the lease was executed between plaintiff and Mrs. Simmons,

they were delivered to her and used by her in the lunch stand.

The last payment made by plaintiff to the defendant on the account was on November 1, 1932. At that time, plaintiff was suffering from an attack of arthritis and he was ordered by his physician to go to the Charity Hospital in New Orleans where he had to remain under treatment for several weeks. In his absence, during the month of January, 1933, he not having made any further payments to the defendant, the latter's wife called Mrs. Simmons over telephone and, as a result of the conversation between them, defendant's truck called at the lunch stand for the chairs where they were turned over to the driver of the truck and were then stored in defendant's store.

Under the terms of the contract of lease, and under the law as well, plaintiff had covenanted unto the lessee, Mrs. Simmons, the quiet and peaceful enjoyment of the leased premises throughout the term of the lease. Taking advantage of the legal situation which arose by reason of the removal of the chairs, Mrs. Simmons canceled the contract and that left the plaintiff without tenant until the following month when he found a party willing to rent from him, but at a reduced rental.

This suit was instituted by plaintiff to recover damages for the unlawful taking of his property by the defendant, the demand being principally for violation of his property rights, humiliation and worry, impairment to his credit, and injury to his reputation, for all of which he asks to recover the sum of $750. He also claims the loss he will have to sustain by reason of the difference in the revenues from his property which he fixes at the sum of $180 and the loss he sustained by having had to sell other of his equipment in the lunch stand which he fixes at $125. He also claims the reimbursement of a small sum which he claims was an overpayment of the amount due on the day bed bought from the defendant. All told, he prays for judgment in the sum of $1,058.50.

Plaintiff had made defendant's wife, Mrs. Rose Kaplan Lieberman, a defendant also on the ground, as alleged in his petition, that she was the manager of the business conducted by her husband, supervising the collection of accounts due him and that she joined in, supervised, and was a party to the unlawful act complained of. His demand is for judgment against her, in solido, for the full amount he seeks to recover. Mrs. Lieberman in her answer denied that she had any connection in any capacity with her husband's business, other than as an employee, and she denied further that she was a party to any of the transactions between her husband and the plaintiff except as a witness to some of their agreements. The proof seems to have favored her defense as the trial judge, although rendering judgment against her husband, dismissed the claim as against her. Plaintiff did not appeal, and although he has answered the defendant's appeal, he did so only to ask for an increase in the amount of the judgment and we take it that the demand, as against Mrs. Lieberman, has been abandoned.

The defense of Hyman Lieberman is threefold. First that by agreement between plaintiff and himself, the transaction involving these chairs and this day bed was a conditional sale under which he was to retain title to the property until it had been paid for in full; second, that there was no trespass or invasion of property rights in his having retaken the chairs as they were then in the possession of Mrs. Simmons who was plaintiff's tenant and she voluntarily turned them over to him after he, defendant, had informed her that plaintiff's whereabouts were unknown; third, that the transaction regarding the sale of the chairs had been settled by final judgment in the justice of the peace court, under which the sale had been rescinded. This last defense was more in the nature of an exception of no cause of action.

The trial judge awarded judgment in favor of the plaintiff in the sum of $50 against the defendant Hyman Lieberman who has appealed. As already noted, the plaintiff has answered the appeal merely for the purpose of asking an increase in the amount of the judgment.

The defenses urged by Hyman Lieberman involve mostly questions of law which, when applied, are found to be unfavorable to his contentions.

■ In the first place, the conditional sale which he relies on is a form of contract which cannot be supported under the law of this state. That question is one which seems to be firmly settled by our jurisprudence. In Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193, probably the leading case on the subject, the syllabus, which properly reflects the holding of the decision, succinctly states the proposition as follows:

"A so-called conditional sale, or sale by which the vendee is to become at once uncon-

836.

ditionally bound for the price, and the vendor is to continue to be owner of the property until the price is paid, is not possible under the laws of this state. A petition wherein the vendor under such a contract claims the ownership of the property sold shows no cause of action."

The doctrine as enunciated was recently re-affirmed in the case of Morelock v. Morgan & Bird Gravel Co., Inc., 174 La. 658, 141 So. 368, 369. Clearly then, the first defense urged by defendant cannot be sustained.

■ The second defense which is to the effect that there was no trespass committed and no invasion of plaintiff's property rights because the chairs were voluntarily turned over by his tenant, seems to be equally untenable under our jurisprudence. Defendant's counsel has referred us to no law or decision, and we know of none, which authorizes a tenant in possession thereof, to turn over his landlord's property to one of the latter's creditors who claims it because of an unpaid balance on the purchase price. Such voluntary surrender on the part of the tenant cannot affect the legal rights of the landlord who is the owner of the property, and who alone can consent to its removal from the premises. Dickens v. Singer Sewing Machine Co., Inc., 19 La. App. 735, 140 So. 296; Luthy v. Philip Werlein Co., Inc., 163 La. 752, 112 So. 709. Failing to obtain the owner's consent, it is only through legal process that the unpaid creditor can recover possession of the property sold by him. That the defendant in this case appreciated and understood that to be the law is no better shown than by his act, following receipt of a letter from plaintiff's attorney making demand on him for damages, in filing suit in the justice of the peace court and obtaining an order for the sequestration of the property. With regard to the sixteen chairs, however, his attempt at legal proceedings was of no effect, as far as concerns the present demand, as he had already removed the chairs and had them stored in his place of business.

■ Defendant attempts to justify his action on the ground that plaintiff had, as it were, disappeared from the scene and could not be found. Such defense has been raised in cases of this kind and is based on the theory of the abandonment of the property, under which the property ceases to be that of any person and becomes subject to appropriation by the first taker. We find nothing in the record to support such theory in this case. Plaintiff's testimony is that

when he left to go to the hospital in New Orleans, defendant's collector was so advised by him, and besides, the defendant in his answer shows that he did receive information from some other source where the plaintiff was.

■ With regard to defendant's last contention, we fail to see how the proceedings and the judgment rendered in the justice of the peace court could in any way preclude plaintiff's right to recover in this suit. That proceeding, as we have noted, was started after defendant had taken unauthorized possession of the chairs and judgment was not rendered until several weeks thereafter. There is nothing in the record of those proceedings to show that the plaintiff had made any demand for damages for the unlawful taking of his property, but it is significant to note that the judgment specifically reserves him all of his rights. One of those rights, we take it, he is presently exercising by means of this suit.

■ This disposes of the last of defendant's contentions and we are left with only the quantum of damages to consider.

Plaintiff complains that the amount allowed by the district judge is too low and we have reached the conclusion that the complaint is well founded. We have no means of knowing what the $50 awarded covered, but we are firmly of the opinion that it is not sufficient to cover the damages suffered by plaintiff from the reduction in the rent of his property. It is true that Mrs. Simmons, his tenant, stated that she expected to give up the lease, but even if she had, plaintiff could have obtained redress against her and she herself says that she "is afraid" that a judgment against her could have been collected. Defendant's action certainly gave her at least the color of right in automatically canceling her contract and was the cause of plaintiff having to release his property at a lower rental. The Simmons contract was good for at least eight months more after Mrs. Simmons gave up the lease. She was paying $35 per month which would have given plaintiff $280. Under the contract with his new tenant, he received $20 per month for the first four months and $15 per month thereafter, all of which yielded the sum of $140 for the remainder of the term of the Simmons contract. Plaintiff is therefore entitled to recover the difference, or the sum of $140 as the amount he had to lose. For the invasion of his property rights, plaintiff is also entitled to recover some damage, which in this case, after considering all the

circumstances, we fix at $50. There is no proof to support any of the other items claimed. The judgment will therefore be amended by increasing the amount allowed to the sum of $190, and, as thus amended, it will be affirmed.

For the foregoing reasons, it is ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount from the sum of $50 to the sum of $190, and, as thus amended, that it be affirmed.