**CROWLEY v. NEW ORLEANS BREWING CO., Inc., et al.**

No. 16472.

Court of Appeal of Louisiana. Orleans.

April 4, 1938.

L. L. Burton and James J. Landry, both of New Orleans, for appellant.

Hugh M. Wilkinson, A. Miles Coe, and Edward Dinkelspiel, all of New Orleans, for appellees.

McCALEB, Judge.

Plaintiff, alleging that she is the owner of certain commercial real estate situated in the city of New Orleans, bearing municipal No. 2112 St. Claude Avenue, brought this suit against New Orleans Brewing Company, Inc., and Irvin S. Feitel, doing business under the trade-name of New Orleans Outdoor Advertising Company, for the recovery of damages she sustained as a result of the defendants' unlawful trespass upon her property. She charges, in substance, that during the month of August, 1934, the defendants entered upon the premises without her knowledge or consent and painted on the roof of the building a large advertisement reading as follows: "New Orleans Brewing Co. 4X Beer will soon be here"; that she made several demands in writing upon them to remove the sign and place the roof in the same condition existing prior to the trespass, but that, notwithstanding,

they have neglected or refused so to do. She alleges that she is entitled to recover the sum of $139 representing the cost of removing the sign from the roof of the building and that, in addition thereto, she should receive $150 damages for the illegal invasion of the premises.

Defendants resisted liability upon the grounds (1) that the property in question belongs to the community of acquets and gains existing between plaintiff and her husband and therefore she is without a right of action; (2) that the sign was erected with the permission of plaintiff's husband (who was vested with the authority to act for plaintiff); and (3) that, even though it be declared that they are guilty of a trespass, plaintiff has suffered nothing more than nominal damages.

The case was tried in the district court on these issues and resulted in a judgment in plaintiff's favor for $17. The judge's award is the aggregate of an allowance of $15, representing the cost of removing the sign from the roof of the building, and nominal damages of $2 for the invasion of plaintiff's property rights. The plaintiff, being dissatisfied with the amount of the judgment in her favor, has appealed.

■ We first consider the defendants' claim that plaintiff is not the owner of the property. This point is untenable because the evidence conclusively demonstrates that, while the property was purchased during the existence of plaintiff's marriage, the funds, used by her in acquiring it, were part of her separate and paraphernal property, solely administered by her and under her exclusive control.

■ Plaintiff's evidence with respect to the alleged trespass is not seriously disputed. One of the defendants, Feitel, who is engaged in the business of erecting signs and advertisements (acting through his agent and representative, one Shields), contacted plaintiff's husband with a view of renting the space on the roof of plaintiff's building. Plaintiff's husband informed Shields that, inasmuch as the building was owned by his wife, he was unable to make such a lease. Shields says that he offered plaintiff's husband a yearly rental of $25 for the use of the roof; that this offer was refused, but that he was under the belief that, if defendants would pay the sum of $35 annual rent, it would be acceptable to the plaintiff. Upon this unwarranted assumption, and without plaintiff's knowledge or consent, Shields authorized the erection of the sign.

Under the facts of the case, we find no difficulty in agreeing with the trial judge that the defendants were guilty of trespassing upon plaintiff's property and that they refused to remove the sign from the roof of her building notwithstanding her repeated demands that it be taken off. It therefore follows that they are liable for whatever damages she sustained.

The evidence submitted at the trial shows that the sign can be removed and the roof placed in the same condition it was in prior to the trespass for a cost not exceeding $15. The trial judge was therefore correct in awarding plaintiff that sum.

The only question seriously contested relates to the adequacy of the allowance of $2 damages for the inconvenience and annoyance sustained by plaintiff as a result of defendants' unlawful act. Their counsel maintain that, in view of the fact that plaintiff's property is devoted to commercial uses, it cannot be said that she has been inconvenienced, humiliated, or annoyed by defendants' unlawful invasion of the premises and that merely nominal damages are recoverable. Counsel also persist that to award a sum in excess of that allowed by the district judge would be to inflict upon the defendants punitive or exemplary damages which are not allowable under our law.

■ It is well settled in this state that a defendant may not be penalized for an unlawful act in a civil action, but it is also established that, in cases involving offenses and quasi offenses, even though no particular or special damage is proved, the court may assess such damages as it deems proper to compensate the plaintiff for the mental anguish, inconvenience, and annoyance he suffered as a result of the defendant's wrongdoing. This principle is succinctly set forth by the Supreme Court in Spearman v. Toye Bros. Auto & Taxicab Co., Inc., 164 La. 677, 678, 114 So. 591, 593, where, in dealing with the mental anguish of a plaintiff resulting to her from the negligent act of the defendant's servant, unaccompanied by physical injury, it was said:

"Although it is impossible to estimate, in money, the actual damage which the plaintiff has suffered, in such cases the law commands us to do our best in that way; for article 1934 of the Civil Code declares that, although the general rule is

that damages are the amount of loss, or of the deprivation of gain, which the complainant has sustained, yet there are cases where damages may be assessed 'without calculating altogether on the pecuniary loss or the privation of pecuniary gain'; and one of the examples given, of such damages, is as in cases of offenses or quasi offenses."

In the case of Lebleu v. Vacuum Oil Co., 15 La.App. 689, 132 So. 233, 776, the Court of Appeal of the First Circuit had before it an action in trespass quite similar to the case at bar. There, the defendant oil company had installed upon plaintiff's tract of land, without his consent, a torsion balance machine for the exploration of minerals. He sued the company for damages occasioned to him as a result of the trespass. He claimed that he had suffered great loss because the explorations made by the defendant upon his land resulted in depreciating its value as oil land and that, as a consequence, he was unable to lease it. After reviewing the evidence, the court held that the tests made by the operation of the torsion balance machine on plaintiff's land were not such as to in any way damage the property or depreciate its value as potential oil land. It was further found as a fact that plaintiff's allegations of damage with respect to his being unable to lease the land were not sustained by proof. Notwithstanding these conclusions with respect to the plaintiff's claims of particular damage, the court held that, under the prayer for general relief, plaintiff was entitled to receive from the defendant a sum to compensate for the vexation caused to him by defendant's invasion of his property rights. Damages were accordingly assessed in the sum of $100. On application for a rehearing, counsel for the oil company pointed out that the award, in truth, was no more than the assessment of a penalty against their client for the trespass. In answer to this argument, the court said:

"Where a party's private property is taken possession of without authority of law or the consent or knowledge of the proprietor, as appears in this case, the complainant unquestionably suffers a flagrant violation of his property rights. It is impossible to believe that a person suffering such an injury would not, of necessity, be vexed and aggrieved. The violation of such rights would certainly react on his feelings. An offense or quasi offense of the character described could not fail to carry such a result. Damages of that nature are compensatory and come under the operation of article 1934, C.C."

The damages awarded to plaintiff by the original decree were, however, reduced to the sum of $50.

It is our opinion that the plaintiff in the instant case has sustained more than mere nominal damages. The sign has remained upon her premises for a long period of time. The defendants admit that she has demanded that they remove it and they have refused to accede to her request. To hold that the trespass has not caused the plaintiff considerable annoyance and vexation would be to blind our eyes to the inner feelings and emotions of normal human beings. While it is difficult to gauge with exactness the extent of injury suffered by a plaintiff in matters such as this, the courts must arbitrarily assess an award which will in some measure compensate for the damage done. Considering all of the circumstances of this case, we believe that an allowance of $50 will be adequate.

Since the filing of this appeal, the defendant Feitel died. His succession has been opened and his testamentary executrix has been made party to the proceeding. Therefore, the decree must also be amended so as to run against her.

For the reasons assigned, the judgment appealed from is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Mrs. Julia Crowley, wife of Jeremiah Crowley, and against the 'New Orleans Brewing Company, Incorporated, and Mrs. Rose Phillips, widow of Irvin S. Feitel, testamentary executrix of the succession of Irvin S. Feitel, in solido, in the full sum of $65, with legal interest thereon from judicial demand until paid, together with all costs of court. As thus amended, the judgment appealed from is affirmed.

Amended and affirmed.