**HOYT v. SMITH et al.**

No. 5818.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 10, 1939.

Rehearing Denied Jan. 6, 1939.

Hunter & Neilson, of Alexandria, for appellant.

John R. Hunter & Son, of Alexandria, for plaintiff-appellee.

Isaac Wahlder and F. B. Cappel, both of Alexandria, for defendants-appellees.

TALIAFERRO, Judge.

Plaintiff owns a tract of swamp woodland on or near Bayou Rapides, in the Parish of Rapides, Louisiana, containing 178.34 acres. He instituted this action in trespass against defendants, viz., Henry J. Smith, James C. Cruikshank, Clint Haworth, C. J. DeKeyzer and James Carroll, to recover damages for the alleged illegal trespass on his property; to recover an additional amount as exemplary damages; and to compel the removal of a fence from his land, alleged to have been erected thereon by defendants.

Plaintiff further charges that on or about May 1, 1937, defendants "entered into an unlawful combination and conspiracy to injure him, and maliciously and unlawfully entered upon his said land", against his wishes, and employed others to do so, and did build or cause to be built thereon, a fence consisting of posts and three strings of barbed wire, over and across the rear portion of the tract, within about 200 yards of his rear property line. He additionally alleges that his counsel on or about June 1, 1937, made demand upon defendants to remove the fence, but they failed, refused and neglected to do so, which fence, he also alleges, was still on his land at time he filed this suit. He also avers that he personally had requested defendants many times to remove the fence, and on account of their refusal to do so, he has been subjected to constant annoyance, trouble and damage.

All of the defendants, except Henry J. Smith, denied that they built or had any part in building the fence on plaintiff's land, and deny that they trespassed thereon in any way or manner. They only contributed cash towards expense of erection, or part of the material therefor. They also deny the truth of plaintiff's allegations charging that they combined or conspired to injure him. Defendant Smith, after denying that he trespassed upon plaintiff's land or acted maliciously in connection with the erection of the fence thereon, further answered:

"Your respondent now shows that he, together with several other parties, including the other defendants named in this petition, owns several hundred acres on

Bayou Rapides between the Standard Oil Pumping Station between Rapides and Boyce and that this past spring your respondent together with the other named defendants herein decided that it would be to their mutual advantage to construct a fence along the rear line of their property so that they could allow their cattle and stock to range on the wood land lying between the Alexandria-Boyce Highway and the rear of the fields.

"That they each contributed sums of money for the construction or erection of .the fence, and that in constructing same they inadvertently crossed the rear portion of the plaintiff's property where the said property came to a point in the rear.

"Shows that immediately upon being apprised of the fact that the said fence had inadvertently crossed petitioner's property, that your respondent had the said fence removed therefrom.

"Shows that there was no malice on the part of your respondent or the other defendants herein, but that the fence was constructed merely for the purpose of keeping the cattle from crossing the highway and that your respondent was under the impression and belief that plaintiff's property did not extend as far to the rear as the fence which was constructed.

"Your respondent shows that while he was really the instigator of the idea of constructing this fence that the purpose of constructing same was for the reason set forth above and not to harass and annoy petitioner, but that on the contrary, as soon as he was informed of the fact that the fence crossed petitioner's property that he immediately saw to removal of same.

"Respondent further shows that the property of petitioner over which the said fence was constructed is open range woodland and that no part of it is cultivated or under fence and that no damage resulted from the erection of said fence on the said property.

. "Shows that respondent's actions prove that there was no malicious intention on his part, but that, on the contrary, the said fence was innocently and inadvertently erected on the said property."

Plaintiff's demands as against all defendants, excepting Smith, were rejected, and as to him there was judgment for plaintiff in the sum of $129.95. Smith appealed. Plaintiff has not answered the appeal. Therefore, the only issue remaining for

disposition is whether or not the judgment appealed from is correct. In the alternative, appellant seriously contends that it is excessive.

The charge by plaintiff that defendants "entered into an unlawful combination and conspiracy' to injure him", pursuant to which they trespassed upon his land and erected the fence thereon, is wholly without foundation in fact. No serious effort was made by him to substantiate the charge.

█ On trial of the case appellant testified· diametrically opposite to the allegations of his sworn answer concerning primary responsibility for erection of the fence across plaintiff's land. He testified that his son Martin initiated the plan to enclose several tracts of adjoining woodland for grazing purposes, including that of all the defendants, and that the line of the fence was so laid out by him as to cross and enclose plaintiff's land. The son corroborated his father in this respect. The lower court rejected this line of testimony and held Smith to the allegations of his answer. We fully agree with this disposition of that issue. If the son erected the fence, he was acting for his father. He owned no cattle to be pastured. His father did and he lived with his father.

Defendants were all given written notice by plaintiff's counsel to remove the fence on or about June 1. It was not removed until August 5. This suit was filed 20 days later. Plaintiff then did not know the fence had been removed.

█ No actual damage was done plaintiff's land by building the fence across it. It was unimproved. However, his civil possession and ownership should have been respected and not transgressed as was done by defendant.` Private ownership of realty carries with it the exclusive right to its use and occupancy by the owner. The law will always extend its strong arm to protect and enforce such a right. A willful violation of the prerogatives of ownership exposes the trespasser to damages, although the property itself be not in fact injured.

The record does not clearly disclose the elements of damage, etc., which the lower court aggregated to make up its award. Plaintiff paid his attorney $50. The court minutes recite that judgment was rendered in plaintiff's favor for $129.95, "expenses in making trips with reference to the matter sued on".

We think the only element of damages recoverable herein is that arising from the trespass and the violation of plaintiff's private rights.

Attorney's fee, as an element of damages in a civil case, is not ordinarily allowed. Meraux & Nunez, Inc. v. Gaidry, et al., 171 La. 852, 132 So. 401.

In Davis-Wood Lumber Co. v. Canulette Shipbuilding Co., 164 La. 301, 113 So. 855, it was held: "Allowance of attorney's fees for prosecuting suit for damages for taking of logs held improper, such claim not being proper subject of recovery."

And in Ecuyer, et al. v. Benevolent Ass'n of Elks, 152 La. 73, 92 So. 739, a claim for counsel fees in action for damages to building caused by excavations made on adjoining premises, was disallowed. The same principle is announced in Bentley, et al. v. Fischer Lbr. & Mfg. Co., 51 La.Ann. 451, 25 So. 262.

It was held in Cooper v. Cappel, 29 La. Ann. 213, that: "In a suit for damages on account of a trespass the trouble and expense the plaintiff has been illegally put to are to be considered in estimating the damages. Attorney's fees are a part of such expense, and may be proved, even when they have not been specifically alleged."

But in the Bentley case, supra, the court considered and discussed the holding in the Cooper case, and said that the facts of the cases were quite dissimilar; that in the Cooper case the act of trespass against plaintiff and the violation of his private rights, were accompanied by force and aggravation which were not present in the Bentley case.

It is specifically held in Bendich et al. v. Scobel et al., 107 La. 242, 31 So. 703, that: "The damages to be allowed for an alleged trespass must be established with reasonable certainty, and will not include traveling expenses, loss of time, or attorney's fees incurred for the purposes of prosecutions instigated against the trespasser by the party claiming."

So, it seems to be well settled that in an ordinary action for trespass, accomplished without force or violence, as was done in the case at bar, attorney's fee, expenses incurred preliminary to filing of suit and those incurred as an incident to attending court in the prosecution of the case, are not recoverable as elements of damage.

In the present case, we think, for the bare act of trespass whereby a considerable part of plaintiff's woodland was enclosed with a fence consisting of three strands of barbed wire, for some three months, an allowance of Seventy-five Dollars adequate. Crowley v. New Orleans Brewing Co., La.App., 180 So. 232; McDaniel v. Lieberman, La.App., 157 So. 834; Lebleu v. Vacuum Oil Co., 15 La.App. 689, 132 So. 233, 776.

For the reasons herein assigned, the judgment appealed from is amended by reducing the amount thereof to Seventy-five Dollars ($75) with legal interest from judicial demand, and as thus amended, said judgment is affirmed with costs.